# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER BREAR BRINKER,<br><br>Plaintiff,<br><br>v.<br><br>AXOS BANK, et al.,<br><br>Defendants. | Case No. 22-cv-386-MMA-DDL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>[Doc. No. 45] |

Plaintiff Jennifer Brear Brinker ("Plaintiff") has filed a Third Amended Complaint against Defendants Axos Bank and John Tolla (collectively, "Defendants"). *See* Doc. No. 44 ("Third Amended Complaint" or "TAC"). Defendants now move to dismiss Plaintiff's first cause of action, retaliation in violation of the Sarbanes Oxley Act ("SOX"), 18 U.S.C. § 1514A. *See* Doc. No. 45. Plaintiff filed an opposition to Defendants' motion,[1] to which Defendants replied. *See* Doc. Nos. 46, 47. The Court

---

[1] Plaintiff is once again reminded that "the Civil Local Rules require that briefs, including footnotes, be 'no smaller than 14-point standard font (e.g. Times New Roman).'" Doc. No. 43 at 1 fn.1 (quoting CivLR 5.1.a). Any further non-compliant filings will be rejected.

found the matter suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1. *See* Doc. No. 48. For following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to dismiss.

## I. BACKGROUND

As this case is before the Court on Plaintiff's fifth attempt to plead her claims, *see* Doc. Nos. 1 (Complaint), 4 (Amended Complaint), 19 (Second Amended Complaint, stricken from the docket for noncompliance with Fed. R. Civ. P. 15), 31 (Second Amended Complaint), 44 (Third Amended Complaint), and third motion to dismiss, *see* Doc. Nos. 13, 36, 45, the Court incorporates its prior Dismissal Orders, *see* Doc. Nos. 30, 43, by reference here. The Court does not recount the factual background, but rather provides an overview on the procedural history of this case and the Court's prior rulings.

Plaintiff initiated this action on March 21, 2022. *See* Doc. No. 1 ("Compl."). Plaintiff initially named Axos Bank, Axos Financial, Inc., John Tolla, Eshel Bar-Adon, and Tom Constantine as defendants, and pleaded claims for (1) SOX retaliation; and (2) whistleblower retaliation in violation of California Labor Code § 1102.5. *Id.* After more than three months had elapsed with no activity, including proof of service, the Court ordered Plaintiff to show cause why the case should not be dismissed for failure to serve pursuant to Federal Rule of Civil Procedure[2] 4(m) and Civil Local Rule 4.1(b). *See* Doc. No. 3. Plaintiff never responded to the Court's OSC. Instead, Plaintiff filed an Amended Complaint. *See* Doc. No. 4. By way of her First Amended Complaint, Plaintiff asserted eight causes of action—in addition to the two previously pleaded claims, she added the following: (3) violation of California's Equal Pay Act, Cal. Labor Code § 1197.5 ("EPA"); (4) gender discrimination in violation of the Fair Employment and Housing Act, Cal. Gov. Code § 12940 *et seq.* ("FEHA"); (5) failure to prevent

---

[2] Unless otherwise noted, all "Rule" references are to the Federal Rules of Civil Procedure.

discrimination and harassment in violation of FEHA; (6) retaliation in violation of FEHA; (7) wrongful termination in violation of public policy; and (8) unlawful business practices, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"). The defendants thereafter moved to dismiss the First Amended Complaint and moved to strike a paragraph contained therein. Doc. Nos. 13, 14.

A few days before Plaintiff's opposition was due, Plaintiff filed a second amended complaint. Doc. No. 19. The Court rejected the filing and struck the document from the record as the Court had not provided leave to amend, and there was no indication the defendants consented to the amendment. Doc. No. 20 (citing Fed. R. Civ. P. 15(a)(2)). Plaintiff then filed an opposition to the defendants' motion to dismiss. Doc. No. 23. In her opposition, Plaintiff represented in a footnote that the defendants had consented to the initial amendment—i.e., filing the First Amended Complaint—and therefore that she was permitted to file a second amended complaint pursuant to Federal Rule of Civil Procedure 12(a)(1)(B). As a result, the Court directed the defendants to file a statement of position, *see* Doc. No. 27, which only seemed to complicate the issue rather than provide any clarity, *see* Doc. Nos. 28, 29.

Ultimately, the Court granted the defendants' motion to dismiss in its entirety and denied the motion to strike as moot. Doc. No. 30. In particular, the Court found that Plaintiff: (1) failed to plead any authority enumerated in SOX § 1514, nonetheless that she reasonably believed in a violation of the authority, and that Plaintiff did not allege Bar-Adon's and Constantine's involvement in the alleged adverse employment decision; (3) failed to plead any comparator in support of her EPA claim; (4–6) failed to plead timely exhaustion of her FEHA claims; and (8) failed to adequately support her UCL claim under any of the three prongs. *Id.* The Court also dismissed Axos Financial for failure to plead any facts supporting this defendant's involvement, or sufficient information to justify an alter ego theory of liability. *Id.*

On January 17, 2023, Plaintiff filed her Second Amended Complaint, naming only Axos Bank, Axos Financial, and John Tolla as defendants. Doc. No. 31. Because

Plaintiff neglected to include a redlined version of her amended as required by the Civil Local Rules, the Court issued a Discrepancy Order directing her to do so. Doc. No. 32. Plaintiff subsequently cured this noncompliance by filing a redlined version of her Second Amended Complaint. Doc. No. 35.

The defendants moved to dismiss, *see* Doc. No. 36, which the Court granted in part and denied in part, *see* Doc. No. 43. Namely, the Court again dismissed Axos Financial and Plaintiff's FEHA claims. The Court found that Plaintiff's EPA claim survived dismissal, and as a result, her UCL claim survived as well. The Court also addressed Plaintiff's SOX retaliation claim at length, as will be discussed further below. At bottom, only to the extent Plaintiff premised her claim upon a reasonable belief she reported securities fraud did her SOX claim survive dismissal.

On August 2, 2023, Plaintiff filed the Third Amended Complaint. *See* TAC. Plaintiff names only Axos Bank and John Tolla as Defendants, and she brings five claims against them: (1) SOX retaliation; (2) whistleblower retaliation, Cal. Labor Code § 1102.5; (3) violation of the EPA; (4) wrongful termination in violation of public policy; and (5) violation of the UCL. Defendants now move to dismiss Plaintiff's SOX retaliation claim to the extent it is based upon a violation of the rules and statutes the Court previously found were not adequately or properly pleaded.

## II. Legal Standard

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 12(b)(6). The plausibility standard demands more than a "formulaic recitation of the elements of a cause of action," or "'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557). Instead, the complaint "must contain sufficient allegations of

underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996) (citing *Nat'l Wildlife Fed'n v. Espy*, 45 F.3d 1337, 1340 (9th Cir. 1995)). The court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (quoting *W. Min. Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). In determining the propriety of a Rule 12(b)(6) dismissal, courts generally may not look beyond the complaint for additional facts. *See United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003).

Where dismissal is appropriate, a court should grant leave to amend unless the plaintiff could not possibly cure the defects in the pleading. *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)).

### III. REQUEST FOR JUDICIAL NOTICE

Plaintiff has filed a request for judicial notice in support of her opposition to Defendant's motion. *See* Doc. No. 46-1. Plaintiff asks the Court to take judicial notice of seven exhibits: (A) her October 4, 2022 "Right to Sue" letter from the California Department of Fair Employment and Housing; (B) the "Commission Guidance Regarding Management's Report on Internal Control Over Financial Reporting Under Section 13(a) or 15(d) of the Securities Exchange Act of 1934," available on the Securities and Exchange Commission's ("SEC") website; (C) the "Internal Routine and Controls Section 4.2" from the RMS Manual of Examination Policies, available on the Federal Deposit Insurance Corporation's website; (D) AXOS Financial, Inc.'s 2021 Form 10-K, available on the SEC's website; (E) Public Company Accounting Oversight Board

("PCAOB") Release No. 2007- 005A, dated June 12, 2007, available on the PCAOB's website; (F) the SEC's adoption of the PCAOB's standard set forth in Release No. 2007-005A; and (G) the PCAOB Staff Audit Practice Alert, dated October 24, 2013. Defendant has not responded to Plaintiff's request.

While, generally, the scope of review on a motion to dismiss for failure to state a claim is limited to the contents of the complaint, *see Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1141 n.5 (9th Cir. 2003), a court may consider certain materials, including matters of judicial notice, without converting the motion to dismiss into a motion for summary judgment, *see United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). For example, "a court may take judicial notice of matters of public record," *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002)), and of "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading," *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith*, 307 F.3d at 1125–26; *see also* Fed. R. Evid. 201. A judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b); *see also Khoja*, 899 F.3d at 999 (quoting Fed. R. Evid. 201(b))

The Court previously granted Plaintiff's request for judicial notice as to Exhibits A–D, *see* Doc. No. 43 at 6, and for those same reasons, **GRANTS** her request here. As to Exhibits E, F, and G, the Court finds that they are publicly available documents that are neither subject to reasonable dispute nor can be reasonably questioned. *See U.S. ex rel. Modglin v. DJO Glob. Inc.*, 48 F. Supp. 3d 1362, 1381 (C.D. Cal. 2014) (collecting cases in which courts have taken judicial notice of the websites of government agencies). Accordingly, the Court **GRANTS** Plaintiff's request as to Exhibits E, F, and G as well.

## IV. Discussion

The Court reiterates that to state a prima facie claim under 18 U.S.C. § 1514A, Plaintiff must plead that: (1) she engaged in a protected activity; (2) Defendants knew or suspected, actually or constructively, that she engaged in the protected activity; (3) she suffered an adverse employment action; and (4) the circumstances were sufficient to raise the inference that the protected activity was a contributing factor in the adverse action. *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 996 (9th Cir. 2009). As to the protected activity element, the anti-retaliation statute protects an employee who "provide[s] information . . . regarding any conduct which the employee reasonably believes constitutes a violation of section 1341 [mail fraud], 1343 [wire fraud], 1344 [bank fraud], or 1348 [securities or commodities fraud], any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders . . . ." 18 U.S.C. § 1514A(a)(1). The second to last segment, "any rule or regulation of the [SEC]," refers to "administrative rules or regulations," not statutes. *See Wadler v. Bio-Rad Labs., Inc.*, 916 F.3d 1176, 1186–87 (9th Cir. 2019).

Defendants move to dismiss Plaintiff's SOX retaliation claim, only challenging the sufficiency of Plaintiff's pleading of the second element, and only to the extent her claim is premised upon a violation of 17 C.F.R § 240.13a-15, 17 C.F.R § 240.13a-14, and 15 U.S.C. § 78m(b)(2)(B).

**A.  17 C.F.R. §§ 240.13a-15(a) and 240.13a-14**

Plaintiff identifies 17 C.F.R. §§ 240.13a-15(a) and 240.13a-14 and she pleads that she reasonably believed the conduct she complained of violated these regulations. *See, e.g*, TAC ¶¶ 34, 42, 47, 54, 69. First, Rule 13a-15(a) provides, in full:

> Every issuer that has a class of securities registered pursuant to section 12 of the Act (15 U.S.C. 78l), other than an Asset-Backed Issuer (as defined in § 229.1101 of this chapter), a small business investment company registered on Form N-5 (§§ 239.24 and 274.5 of this chapter), or a unit investment trust as defined in section 4(2) of the Investment Company Act of 1940 (15 U.S.C.

> 80a-4(2)), must maintain disclosure controls and procedures (as defined in paragraph (e) of this section) and, if the issuer either had been required to file an annual report pursuant to section 13(a) or 15(d) of the Act (15 U.S.C. 78m(a) or 78o(d)) for the prior fiscal year or had filed an annual report with the Commission for the prior fiscal year, internal control over financial reporting (as defined in paragraph (f) of this section).

17 C.F.R. § 240.13a-15(a). "Internal control over financial reporting" is defined as:

> a process designed by, or under the supervision of, the issuer's principal executive and principal financial officers, or persons performing similar functions, and effected by the issuer's board of directors, management and other personnel, to provide reasonable assurance regarding the reliability of financial reporting and the preparation of financial statements for external purposes in accordance with generally accepted accounting principles and includes those policies and procedures that:
>
> (1) Pertain to the maintenance of records that in reasonable detail accurately and fairly reflect the transactions and dispositions of the assets of the issuer;
>
> (2) Provide reasonable assurance that transactions are recorded as necessary to permit preparation of financial statements in accordance with generally accepted accounting principles, and that receipts and expenditures of the issuer are being made only in accordance with authorizations of management and directors of the issuer; and
>
> (3) Provide reasonable assurance regarding prevention or timely detection of unauthorized acquisition, use or disposition of the issuer's assets that could have a material effect on the financial statements.

17 C.F.R. § 240.13a-15(f).

Rule 13a-14 in turn "requires that for every report filed under Section 13(a) of the Exchange Act, including Form 10-Q and 10-K financial reports, each principal executive and principal financial officer of the issuer must sign a certification as to the accuracy of the financial statements within the report." *United States SEC v. Jensen*, 835 F.3d 1100, 1112 (9th Cir. 2016) (citing 17 C.F.R. § 240.13a-14). The rule "includes an implicit

truthfulness requirement," and therefore a certifying principal can be held liable for violating this rule where he or she certifies the filing includes "no material misstatements or omissions but does not have a sufficient basis to believe that the certification is accurate." *Id.*

Having reviewed Plaintiff's Third Amended Complaint, as well as the arguments for and against dismissal on this basis, the Court concludes that Plaintiff has plausibly pleaded a SOX retaliation claim based upon her belief that she was reporting a violation of these SEC rules sufficient to survive dismissal. Plaintiff pleads a host of issues she identified during her Portfolio reviews: underwriting failures and concerns with underwriting standards, failure to monitor loan covenants, AML and KYC concerns and deficiencies, failure to implement contingency plans, failure to analyze the Portfolios, accounting problems with respect to operating lease schedules, improper risk ratings, and lack of skilled credit analysts. *See* TAC ¶¶ 21–26, 36–37, 40, 49, 51, 53. With respect to all of these issues, she contends that the Bank was left at risk of holding risky loans, with inaccurate reserves for loan losses, over-exposed to risky borrowers, and unable to accurately state the value of its assets. *See, e.g., id.* ¶¶ 27, 43, 70. Plaintiff also alleges that the excessive role of management in editing her reports, and failure to address the issue and concerns she raised, created a risk that the Bank's financial statements would not reflect her independent analysis but the self-interested conclusions of management. *See id.* ¶¶ 29, 55. These allegations are sufficiently plausible, at this stage, to state a SOX retaliation claim premised upon a reasonable belief that Plaintiff complained of Defendants' failure to maintain adequate internal controls and inaccurate certification of those controls in its financial reports. Accordingly, the Court **DENIES** Defendant's motion on this basis.

**B.   15 U.S.C. § 78m(b)(2)(B)**

Turning to 15 U.S.C. § 78m(b)(2)(B)(ii), this section of the Foreign Corrupt Practices Act, 15 U.S.C. § 78dd-1 *et seq.*, requires securities issuers to "devise and maintain a system of internal accounting controls sufficient to provide reasonable

assurances" that four enumerated controls are in place. 15 U.S.C. § 78m(b)(2)(B). The Court reiterates that the Ninth Circuit case of *Wadler*, is instructive on this issue. 916 F.3d at 1182, 1187; *see also Baker v. Smith & Wesson, Inc.*, 40 F.4th 43, 48 (1st Cir. 2022) (finding on summary judgment that the FCPA is not an SEC rule or regulation and noting that the plaintiff "concedes that Section 78m(b)(2), (5) is not . . . a provision of Federal law relating to fraud against shareholder") (internal quotation marks and citations omitted). The Ninth Circuit has made it clear that "rule or regulation" does not mean statute, and "law" does not mean rule or regulation. *See Wadler*, 916 F.3d at 1186. Therefore, for an unlisted statute to be covered by § 1514A, it must relate to shareholder fraud. As the Court previously explained, § 78m is facially neither an enumerated statute, an SEC rule or regulation, nor a law relating to shareholder fraud. Plaintiff does not address this argument in opposition and therefore seemingly concedes this point. Accordingly, the Court **GRANTS** Defendant's motion on this basis and **DISMISSES** Plaintiff's SOX retaliation claim to the extent it is based upon her reporting of an alleged violation of § 78m(b)(2)(B).

## V. CONCLUSION

Based upon the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to dismiss. In particular, the Court **DISMISSES** Plaintiff's SOX retaliation claim to the extent it is premised upon 15 U.S.C. § 78m **without leave to amend**. The Court **DIRECTS** Defendant to file an answer to the Third Amended Complaint within **twenty-one (21) days** of the date of this Order.

**IT IS SO ORDERED**.

Dated: October 31, 2023

HON. MICHAEL M. ANELLO
United States District Judge