# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER BREAR BRINKER,<br><br>         Plaintiff,<br><br>v.<br><br>AXOS BANK, et al.,<br><br>         Defendants.<br><br>JOHN TOLLA, et al.,<br><br>         Counter-Claimants,<br><br>v.<br><br>JENNIFER BREAR BRINKER,<br><br>         Counter-Defendant. | Case No.: 22-cv-0386-MMA-DDL<br><br>**ORDER OVERRULING PLAINTIFF'S RULE 72 OBJECTION**<br><br>[Doc. No. 126] |

  On September 23, 2024, Magistrate Judge David D. Leshner issued a Discovery Order denying Plaintiff Jennifer Brear Brinker's motion to compel production of documents. *See* Doc. No. 118. Plaintiff now objects to the Discovery Order on various grounds. *See* Doc. No. 126. Defendant Axos Bank has filed a response in opposition to the objection, to which Plaintiff replied. *See* Doc. Nos. 166, 163. For the reasons set forth below, the Court **OVERRULES** Plaintiff's objection.

  Pursuant to Federal Rule of Civil Procedure 72(a), a party may object to a non-dispositive pretrial order of a magistrate judge within fourteen days of service of the

order. Fed. R. Civ. P. 72(a). District court review of magistrate judge orders on non-dispositive motions is limited. A district judge may reconsider a magistrate judge's ruling on a non-dispositive motion only "where it has been shown that the magistrate [judge]'s order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); *Grimes v. City and Cnty. Of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991). "Under this standard of review, a magistrate [judge]'s order is 'clearly erroneous' if, after considering all of the evidence, the district court is left with the definite and firm conviction that a mistake has been committed, and the order is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Yent v. Baca*, No. CV 01-10672 PA (VBKx), 2002 U.S. Dist. LEXIS 28776, at *4 (C.D. Cal. Dec. 12, 2002).

The threshold of the "clearly erroneous" test is high and significantly deferential. "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes*, 951 F.2d at 241. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Mathews v. Chevron Corp.*, 362 F.3d 1172, 1180 (9th Cir. 2004). In comparison, a magistrate judge's order is contrary to law if the judge applies an incorrect legal standard or fails to consider an element of the applicable standard. *See Hunt v. Nat'l Broad Co.*, 872 F.2d 289, 292 (9th Cir. 1989) (noting that such failures constitute abuse of discretion.)

Having conducted an *in camera* review of the subject documents[1] and upon review of the entire record, including Judge Leshner's Discovery Order and the parties' briefs, the Court is not persuaded that Judge Leshner's Order was clearly erroneous or contrary to law. Judge Leshner found that Axos Bank satisfied its burden of demonstrating that

---

[1] Pursuant to the Court's November 19, 2024 Order, Axos Bank lodged the subject documents with the undersigned for review. Doc. No. 175.

the disputed documents were protected by the attorney-client privilege and work product doctrine. *See* Doc. No. 118. Contrary to Plaintiff's assertion, the Court is not convinced that Judge Leshner misapplied *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). And a review of the remainder of Plaintiff's objection reveals that she merely disagrees with Judge Leshner's analysis and conclusions. Namely, Plaintiff argues that Judge Leshner erroneously concluded that: the documents were created with the primary purpose of obtaining legal advice, Doc. No. 126 at 15–21; Axos Bank had not waived privilege, *id.* at 22–23; and the withheld documents were protected by the work-product doctrine, *id.* at 24–26. However, Plaintiff identifies no clear error as to these findings and on this record, the Court is not left with a definite or firm conviction that a mistake has been committed. Accordingly, the Court **OVERRULES** Plaintiff's objection to Judge Leshner's September 23, 2024 Discovery Order.

**IT IS SO ORDERED**.

Dated: January 6, 2025

HON. MICHAEL M. ANELLO
United States District Judge