1
2
3
4
5
6
7            UNITED STATES DISTRICT COURT
8            SOUTHERN DISTRICT OF CALIFORNIA
9
10   JENNIFER BREAR BRINKER,              Case No. 22-cv-386-MMA (DDL)

11                          Plaintiff,    **ORDER:**

12   v.                                   **(1) GRANTING IN PART
                                          DEFENDANT'S MOTIONS TO FILE
13   AXOS BANK, et al.,                   DOCUMENTS UNDER SEAL**

14                          Defendants.   [Doc. Nos. 195, 215, 227]

15   ─────────────────────────────

16   AXOS BANK, et al.,                   **(2) DENYING PLAINTIFF'S
                                          MOTIONS TO FILE DOCUMENTS
17                  Counter-Claimants,    UNDER SEAL**

18   v.                                   [Doc. Nos. 200, 211, 222, 235]

19   JENNIFER BREAR BRINKER,

20                  Counter-Defendant.

21

22

23

24        Plaintiff/Cross Defendant Jennifer Brear Brinker ("Plaintiff") and Defendant/Cross

25   Claimant Axos Bank ("Defendant") have filed multiple motions to file documents under

26   seal in support of their briefing on the pending motions.  Doc. Nos. 195, 200, 211, 215,

27   222, 227, 235.  For the reasons set forth below, the Court **GRANTS IN PART**

28   Defendant's motions to seal and **DENIES** Plaintiff's motions to seal.

# I. BACKGROUND

On August 2, 2023, Plaintiff filed a third amended complaint, which is the operative complaint, asserting five claims for: (1) whistleblower retaliation in violation of the Sarbanes-Oxley Act ("SOX"), 18 U.S.C. § 1514A; (2) whistleblower retaliation in violation of California Labor Code § 1102.5; (3) violation of California's Equal Pay Act, Cal. Lab. Code § 1197.5; (4) wrongful termination in violation of public policy; and (5) unlawful business practices, Cal. Bus. & Prof. Code § 17200 *et seq.*  Doc. No. 44 ("Third Amended Complaint" or "TAC").  On November 21, 2023, Defendant filed its answer to the Third Amended Complaint and asserted seven counterclaims against Plaintiff.  Doc. No. 50.  Underlying all seven of Defendant's counterclaims is its core factual allegation that Plaintiff improperly took, used, and remains in possession of confidential customer information. *See, e.g., id.* ¶¶ 11–16.

On March 14, 2025, Defendant filed its motion for summary judgment and motion to exclude certain testimony of Brad Abbott under Fed. R. Evid. 702.  Doc. Nos. 199, 201.  That same day, Defendant filed motions to seal various documents it wishes to submit in support of these two motions.  Doc. Nos. 195, 215.

Also on March 14, 2025, Plaintiff filed her motion for summary judgment, or in the alternative, partial summary judgment, as well as a motion for sanctions and motion to disqualify and exclude testimony of expert Andrew Micheletti.  Doc. Nos. 197, 198, 202.  Similarly, Plaintiff filed two motions to seal documents in support of these motions, Doc. Nos. 200, 211, but made one lodgment, Doc. Nos. 212.  Subsequently, Plaintiff filed a motion to seal documents in support of her opposition to Defendant's motion to exclude Brad Abbott and Defendant has filed a motion to seal documents in support of its opposition to Plaintiff's motion for summary judgment.  Doc. Nos. 221, 222, 227.  Plaintiff then filed a motion to seal documents in support of her opposition to Defendant's motion for summary judgment.  Doc. No. 235.

# II. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public

records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). This is "because court records often provide important, sometimes the only, bases or explanations for a court's decision." *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014) (quotation marks omitted). Accordingly, when considering a request to seal, "a strong presumption in favor of access" is generally a court's "starting point." *United States v. Bus. of Custer Battlefield Museum & Store*, 658 F.3d 1188, 1194 (9th Cir. 2011) (quoting *Kamakana*, 447 F.3d at 1178). For filings more than tangentially related to the case's merits, including motions to dismiss, that presumption can be overcome only by a showing of a "compelling reason," that "outweigh[s] the general history of access and the public policies favoring disclosure." *Id.* at 1194–95; *Settrini v. City of San Diego*, No. 320CV02273RBMBGS, 2022 WL 6785755 *1 (S.D. Cal. Oct. 11, 2022). "Courts have held that 'confidential business information' in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' also satisfies the compelling reasons standard." *Nia v. Bank of Am., N.A.*, No. 21-CV-1799-BAS-BGS, 2024 WL 171659 *3 (S.D. Cal. Jan. 12, 2024).

But where the filings are "only tangentially related to the merits" of the case, a court may seal the filings "upon a lesser showing of 'good cause.'" *In re Mahltig Mgmt. Und Beteiligungsgesellschaft MBH*, No. 18-mc-80037 NC, 2018 WL 11198061, at *6 (N.D. Cal. Apr. 24, 2018). "The 'good cause' standard requires a 'particularized showing' that 'specific prejudice or harm will result' if the information is disclosed. . . . 'Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning' will not suffice." *Id*.

### III. DISCUSSION

### A.    Defendant's Motion to Seal re *Daubert* Motion – Doc. No. 195

Defendant moves to seal portions of its motion to exclude certain testimony of Brad Abbott. *See* Doc. No. 195. Defendant contends that good cause exists to seal

Exhibits 10, 14, 15, 17, and 18 because: (1) Plaintiff's personal financial information contained in Exhibits 14, 15, 17, and 18; (2) Exhibit 18 and "certain pages" of Exhibit 10 are marked confidential under protective order; and (3) Plaintiff confirmed that Exhibit 10 is to be file under seal.  Doc. No. 195-1 at 2–3.

Having reviewed the motion and respective documents, the Court finds that Defendant has shown good cause to file Exhibits 14, 15, 17, and 18 under seal, as disclosure of this confidential financial information would be prejudicial to Plaintiff.

As to the reasons for wanting to seal Exhibit 10, Defendant states that "certain pages of Exhibit 10 are marked 'CONFIDENTIAL' under the parties' Protective Order and so should be sealed" and that Plaintiff's counsel "confirmed that Exhibit 10 is to be filed under seal." *Id.* at 3.  However, the Court finds that these reasons do not constitute good cause.  A blanket protective order is not itself sufficient to show good cause, let alone compelling reasons, for sealing particular documents.  *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *San Jose Mercury News, Inc. v. U.S. District Court, N. Dist.*, 187 F.3d 1096, 1103 (9th Cir. 1999); *Sihler v. Fulfillment Lab., Inc.*, No. 20cv1528-LL-MSB, 2023 WL 4339720, at *1 (S.D. Cal. Mar. 13, 2023) ("The fact that the exhibits are subject to a protective order is not a compelling reason.").

Accordingly, the Court **GRANTS IN PART** Defendant's motion to file under seal documents in support of its motion to exclude certain testimony of Brad Abbott, Doc. No. 195, and grants Defendant leave to file Exhibits 14, 15, 17, and 18 to its Motion to Exclude Certain Testimony of Brad Abbott **under seal**.

## B. <u>Defendant's Motion to Seal re Summary Judgment Motion – Doc. No. 215</u>

Defendant also moves to seal various exhibits in support of its motion for summary judgment.  *See* Doc. No. 215.  Defendant contends that there are compelling reasons to seal Exhibits A–PP; RR–FFF; HHH; JJJ–LLL; OOO–WWW because: (1) virtually all documents are marked as "CONFIDENTIAL" under the Protective Order; and (2) many of the documents contain communications/testimony related to nonpublic business info of Defendant.  Doc. No. 215-1 at 2–3.  Defendant identified the following documents as

highly confidential business info/strategy that could be detrimental to Defendant or its clients if public: Exhibit Y, Exhibit ZZ, Exhibit DDD, Exhibit EEE, Exhibit OOO, Exhibit QQQ, and Exhibit SSS.  *Id.* at 3.

Having reviewed the motions and respective documents, the Court is not convinced that all exhibits lodged, Exhibits A–PP; RR–FFF; HHH; JJJ–LLL; OOO–WWW, need to be sealed to prevent the specific prejudice or harm to which Defendant refers.

The Court finds that Defendant has shown compelling reasons to file Exhibit Y, Exhibit ZZ, Exhibit DDD, Exhibit EEE, Exhibit OOO, Exhibit QQQ, and Exhibit SSS under seal.  As Defendant explains in its motions to seal, the exhibits contain information—specifically, "highly confidential business information and strategy which would be detrimental to Axos and its customers if it became public."  Doc. No. 215-1 at 3.  A review of the documents indicate that these exhibits tend to contain sensitive and confidential business information.  "Courts have held that 'confidential business information' in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' also satisfies the compelling reasons standard."  *Nia*, 2024 WL 171659 *3.  Additionally, confidential business materials may be properly sealed so as to prevent "improper use by competitors, 'circumvent[ing] the time and resources necessary in developing [the competitor's] own practices and strategies.'"  *Baker v. Seaworld Entm't, Inc.*, No. 14cv2129-MMA (AGS), 2017 WL 5029612, at *5 (S.D. Cal. Nov. 3, 2017).

Nonetheless, as indicated above, documents marked as confidential pursuant to a protective order is not a compelling reason.  *See Sihler*, 2023 WL 4339720, at *1 ("The fact that the exhibits are subject to a protective order is not a compelling reason.").  Aside from Defendant's assertion that Exhibit Y, Exhibit ZZ, Exhibit DDD, Exhibit EEE, Exhibit OOO, Exhibit QQQ, and Exhibit SSS contain highly confidential business information and strategy that would be detrimental to Defendant and its customers if disclosed publicly, Defendants have not provided any reasons, let alone compelling

reason, to justify sealing the remaining documents.

Accordingly, the Court **GRANTS IN PART** Defendant's motion to file under seal documents in support of its motion for summary judgment, Doc. No. 215, and grants Defendant leave to file Exhibit Y, Exhibit ZZ, Exhibit DDD, Exhibit EEE, Exhibit OOO, Exhibit QQQ, and Exhibit SSS in support of its motion for summary judgment **under seal**.

## C. <u>Defendant's Motion to Seal re Opposition to Plaintiff's MSJ – Doc. No. 227</u>

Finally, Defendant moves to seal various exhibits in support of its opposition to Plaintiff's motion for summary judgment. *See* Doc. No. 227. Defendant first contends that there are compelling reasons to seal Exhibit C to Heather Plocky's Declaration regarding Defendant's responses and objections to Plaintiff's separate statement of undisputed material facts as well as Exhibits Q and V to Heather Plocky's Declaration in support of Defendant's opposition to Plaintiff's summary judgment motion because these documents "contain highly confidential salary information for an Axos employee." *Id.* at 3. Defendant further contends that there are compelling reasons to seal Exhibits F and G to Heather Plocky's Declaration in support of Defendant's opposition to Plaintiff's summary judgment motion as these documents contain property information, including the address of Plaintiff's ex-husband. *Id.* Defendant finally contends that there are compelling reasons to seal Exhibits H, L, and T to Heather Plocky's Declaration in support of Defendant's opposition to Plaintiff's summary judgment motion because these documents contain extensive confidential customer information and disclosure of such third-party private information could violate these individuals' right to privacy guaranteed under the California Financial Information Privacy Act. *Id.* at 3–4.

Having reviewed the motions and respective documents, the Court addresses the three categories of documents in turn. First, regarding salary information, the Court finds that information like salary information can be a compelling reason to be seal. *Lovejoy v. Transdev Servs., Inc.*, No. 23-CV-00380-AJB-MMP, 2024 WL 4941022, at *2 (S.D. Cal. Dec. 2, 2024) ("The Court agrees with Plaintiff that there are compelling reasons to seal

some of the information on Plaintiff's wage statement, specifically Plaintiff's salary

information."). Specifically, as for Exhibit C and Exhibit Q, the Court concludes that

Defendant has shown compelling reasons for sealing this information. *See Pryor v. City*

*of Clearlake*, 2012 U.S. Dist. LEXIS 112246, at *13–15 (N.D. Cal. Aug. 9, 2012)

(granting motion to seal a party's personal financial information, including information

about the party's salary).

As for Exhibit V, however, Defendant fails to provide any compelling reason why

the entire expert disclosure must be filed under seal, rather than simply redacting the

portions containing salary information. *See Lovejoy*, 2024 WL 4941022, at *2 (finding

that the court agreed that parts of the wage statement, like salary, marital status, and

address, could be sealed, but found Plaintiff gave no compelling reason why the

document could not just be redacted instead.); *Yates v. Cheeseburger Restaurants, Inc.*,

No. 2:22-cv-01081-DAD-DB, 2023 WL 4747431, at *3 (E.D. Cal. July 25, 2023) (noting

that "blanket sealing of an entire . . . document is generally inappropriate where only

certain portions of the [document] are subject to sealing").

Second, regarding property information, there are compelling reasons to seal

Exhibits F and G which include property information such as Plaintiff's ex-husband's

address. Courts within the Ninth Circuit have consistently recognized that the need to

safeguard personally identifiable information, such as home addresses, can outweigh the

public's interest in accessing court records. *See Activision Publ'g, Inc. v. EngineOwning*

*UG*, No. CV 2:22-cv-00051-MWF (JCx), 2023 WL 2347134, at *1 (C.D. Cal. Feb. 27,

2023) ("[C]ompelling reasons exist to keep personal information confidential to protect

an individual's privacy interest and to prevent exposure to harm or identity theft.");

*Nursing Home Pension Fund v. Oracle Corp.*, No. C01-00988 MJJ, 2007 WL 3232267,

at *2 (N.D. Cal. Nov. 1, 2007) (finding compelling reasons to seal home addresses and

financial account information). These concerns are especially heightened where, as here,

the information pertains to non-party individuals who have a heightened expectation of

privacy. *See Sinclair v. Agile Web Studios*, No. 23-CV-02690-HSG, 2025 WL 690394, at

*2 (N.D. Cal. Mar. 4, 2025) ("Other parts of the report likely contain information that satisfies the compelling reasons standard, including, and especially, any personally identifiable information pertaining to third parties.").

Third, courts recognize that there are compelling reasons that warrant sealing confidential customer information. *See 3D Sys., Inc. v. Wynne*, No. 21-CV-1141-AGS-DDL, 2024 WL 1122377, at *2 (S.D. Cal. Mar. 14, 2024) ("[C]ompelling reasons justify the sealing of Plaintiff's customer and vendor list information."). Here, while Exhibits H, L, and T already appear to be redacted, the information that is reviewable in these exhibits consists of Independent Credit Review documents and communications that appear to detail internal discussions and observations which could harm Defendant's competitive standing. *See Sequoia Benefits & Ins. Servs., LLC v. Costantini*, No. C 20-08089 WHA, 2021 WL 7541380, at *1 (N.D. Cal. May 10, 2021) ("Generally, 'a court may seal records only when it finds a compelling reason and articulates the factual basis for its ruling, without relying on hypothesis or conjecture.' A classic example of a compelling reason is 'business information that might harm a litigant's competitive standing.'") (citing *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1096–97 (9th Cir. 2016)).

Accordingly, the Court **GRANTS IN PART** Defendant's motion to file under seal documents in support of its opposition to Plaintiff's summary judgment motion, Doc. No. 227, and grants Defendant leave to file Exhibit C, Exhibit Q, Exhibit F, Exhibit G, Exhibit H, Exhibit L, and Exhibit T in support of its opposition **under seal**.

**D.    Plaintiff's Motions to Seal – Doc. Nos. 200, 211, 222, 235**

Turning to Plaintiff's motions to seal, the Court first addresses Plaintiff's two motions to seal that were filed on March 14, 2025. Doc. Nos. 200, 211. Plaintiff's motions appear to be identical, however the latter motion includes "Plaintiff's Separate Statement of Material Facts in Support of Motion for Summary Judgment" on the list of documents to be sealed. *Compare* Doc. No. 200, *with* Doc. No. 211. Despite filing two motions to seal, Plaintiff only made one lodgment, which contains nearly 1,235 pages of

documents to be sealed.  Doc. No. 212.  Moreover, it appears that Plaintiff failed to lodge Exhibits 4, 8–13, 22, and 25 to the Declaration of Robert J. King in support of Cross-Defendant's Motion for Summary Judgment, and thus the Court is unable to review the contents of these exhibits.  Doc. Nos. 211 at 2, 212.

In any event, the Court will analyze all four of Plaintiff's motions to file documents under seal together as Plaintiff provides the same reasons for sealing all of the respective documents.  *See* Doc. Nos. 200 at 2, 211 at 2, 222 at 2, 235 at 2.  In these motions, Plaintiff's sole justification for sealing is that the documents have been designated as "confidential" under the protective order.  *Id.*  However, as indicated above, this is insufficient under both compelling reason and good cause standards.

Further, Rule 26 protective orders do not inherently demonstrate a compelling reason to file documents under seal or otherwise obfuscate the need to seek Court approval to do so.  By its own language, the Protective Order does not state that certain documents may or must be filed under seal simply by virtue of being designated confidential by the parties.  Instead, it indicates that "the party seeking to file such material *must seek permission* of the Court to file the material under seal."  Doc. No. 59 at 6 (emphasis added).  Accordingly, the Court **DENIES** Plaintiff's motions to file under seal, Doc. Nos. 200, 211, 222, and 235 without prejudice.

## IV. CONCLUSION

For the reasons above, the Court **GRANTS IN PART** Defendant's motion to file under seal regarding Motion to Exclude Certain Testimony of Brad Abbott, Doc. No. 195; **GRANTS IN PART** Defendant's motion to file under seal regarding its Motion for Summary Judgment, Doc. No. 215; and **GRANTS IN PART** Defendant's motion to file under seal regarding its Opposition to Plaintiff's Motion for Summary Judgment, Doc. No. 227.  Namely, the Court **GRANTS** Defendant leave to file the following exhibits **under seal**:

- Exhibits 14, 15, 17, and 18 to its Motion to Exclude Certain Testimony of Brad Abbott;

- Exhibit Y, Exhibit ZZ, Exhibit DDD, Exhibit EEE, Exhibit OOO, Exhibit QQQ, and Exhibit SSS in support of its Motion for Summary Judgment; and

- Exhibit C, Exhibit Q, Exhibit F, Exhibit G, Exhibit H, Exhibit L, and Exhibit T in support of its Opposition to Plaintiff's Motion for Summary Judgment.

The Court **DIRECTS** Defendant to relodge these exhibits within five (5) business days of the date of this Order and **DIRECTS** the Clerk of Court to then file the lodged documents **under seal**.

Finally, the Court **DENIES** Plaintiff's motions to file under seal, Doc. Nos. 200, 211, 222, and 235 without prejudice to filing a renewed motion on or before **April 28, 2025**, setting forth compelling reasons to seal the exhibits or portions of them.

The Court advises the parties that, in the future, motions to seal specific documents with proposed redactions are strongly preferred over motions to seal entire briefs and all supporting documents. *See Sundby v. Marquee Funding Grp., Inc.*, No. 19-CV-00390-GPC-AHG, 2020 WL 4015694, at *4 (S.D. Cal. July 16, 2020) (denying motion to seal because "redactions will eliminate the need for sealing").

**IT IS SO ORDERED**.

Dated:  April 21, 2025

HON. MICHAEL M. ANELLO
United States District Judge