# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER BREAR BRINKER,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>AXOS BANK, et al.,<br><br>　　　　　　　Defendants.<br>―――――――――――――――<br>AXOS BANK, et al.,<br><br>　　　　　　　Counter-Claimants,<br><br>v.<br><br>JENNIFER BREAR BRINKER,<br><br>　　　　　　　Counter-Defendant. | Case No. 22-cv-0386-MMA (DDL)<br><br>**ORDER GRANTING DEFENDANT'S MOTIONS TO FILE DOCUMENTS UNDER SEAL**<br><br>[Doc. Nos. 240, 243, 245] |

　　　On April 21, 2025, Defendant/Cross Claimant Axos Bank ("Defendant") filed a motion to file documents under seal in support of Plaintiff/Cross Defendant Jennifer Brear Brinker's ("Plaintiff") opposition to Defendant's summary judgment motion. Doc. No. 240. On April 24, 2025, Defendant filed two additional motions to seal documents in support of: (1) Plaintiff's summary judgment motion, Motion to Exclude Andrew

Micheletti, and Motion for Sanctions, Doc. No. 243; and (2) Defendant's opposition to Plaintiff's motion for summary judgment, Doc. No. 245.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). This is "because court records often provide important, sometimes the only, bases or explanations for a court's decision." *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014) (quotation marks omitted). Accordingly, when considering a request to seal, "a strong presumption in favor of access" is generally a court's "starting point." *United States v. Bus. of Custer Battlefield Museum & Store*, 658 F.3d 1188, 1194 (9th Cir. 2011) (quoting *Kamakana*, 447 F.3d at 1178). For filings more than tangentially related to the case's merits, including motions to dismiss, that presumption can be overcome only by a showing of a "compelling reason," that "outweigh[s] the general history of access and the public policies favoring disclosure." *Id.* at 1194–95; *Settrini v. City of San Diego*, No. 320CV02273RBMBGS, 2022 WL 6785755 *1 (S.D. Cal. Oct. 11, 2022). "Courts have held that 'confidential business information' in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' also satisfies the compelling reasons standard." *Nia v. Bank of Am., N.A.*, No. 21-CV-1799-BAS-BGS, 2024 WL 171659 *3 (S.D. Cal. Jan. 12, 2024).

Having reviewed Defendant's motions and respective documents, the Court finds that Defendant has shown compelling reasons to file these documents under seal. For instance, the Court finds that Defendant has shown compelling reasons to seal the documents that contain non-public supervisory information from its primary regulator, the Office of the Comptroller of the Currency ("OCC"), as they contain confidential and privileged non-public supervisory information from the OCC, and unauthorized disclosure would violate federal regulations. *See Erhart v. BofI Fed. Bank*, No. 15-CV-02287-BAS-NLS, 2019 WL 4534701, at *3 (S.D. Cal. Sept. 19, 2019) ("In light of the

foregoing, the Court finds it appropriate to seal information subject to the bank examination privilege; namely, the OCC's examination requests to BofI and the Bank's responses to these requests. The Court also finds it appropriate to seal briefing, deposition testimony, and other information that reveals the content of the OCC's requests and the Bank's responses."); *In re SunTrust Banks, Inc. ERISA Litig.*, No. 1:08-CV-3384-RWS, 2017 WL 11634376, at *1 (N.D. Ga. Oct. 4, 2017) ("Unauthorized disclosure of confidential supervisory information can lead to civil and criminal penalties.") (citing 12 C.F.R. §§ 4.36, 4.37).

Additionally, Defendant has shown compelling reasons for sealing the exhibits that contain sensitive and confidential business information. *See Lovejoy v. Transdev Servs., Inc.*, No. 23-CV-00380-AJB-MMP, 2024 WL 4941022, at *2 (S.D. Cal. Dec. 2, 2024) ("Compelling reasons also may exist if sealing is required to prevent documents from being used 'as sources of business information that might harm a litigant's competitive standing.'"); *Nia v. Bank of Am., N.A.*, No. 21-CV-1799-BAS-BGS, 2024 WL 171659, at *3 (S.D. Cal. Jan. 12, 2024) ("Courts have held that 'confidential business information' in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies" also satisfies the compelling reasons standard.'")

Furthermore, the Court finds that information like salary information can be a compelling reason to be seal. *Lovejoy*, 2024 WL 4941022, at *2 ("The Court agrees with Plaintiff that there are compelling reasons to seal some of the information on Plaintiff's wage statement, specifically Plaintiff's salary information.").

Accordingly, the Court **GRANTS** Defendant's motions to file under seal documents submitted in support of Plaintiff's motions and opposition. Doc. Nos. 240, 243. Namely, the Court **GRANTS** leave to file the following **UNDER SEAL**:

- Exhibits 12, 13, 25 of Robert King's Declaration in support of Plaintiff's Motion for Summary Judgment;
- Exhibits 7 and 17 of Plaintiff's Declaration in support of her Motion for Summary Judgment;

- Exhibit 1 of the Robert King's Declaration in support of Plaintiff's Motion to Exclude Andrew Micheletti;
- Exhibits 8 and 9 of the Robert King's Declaration in support of Plaintiff's Motion for Sanctions;
- Exhibits 2, 16, 24, 41, 42, 51, 53 and 65 of the Robert King Declaration in support of Plaintiff's opposition to Defendant's motion for summary judgment;
- Unredacted version of Plaintiff's most recent opposition to Defendant's summary judgment motion;
- Plaintiff's Additional Material Facts in Support of Opposition Nos. 4, 21, 93, 99 and 105; and
- Exhibit 6 of Plaintiff's Request for Judicial Notice and accompanying Exhibit A.

The Court **DIRECTS** Plaintiff to relodge <u>complete</u> and <u>unredacted</u> versions of the identified materials above within **five (5) business days** of the date of this Order and **DIRECTS** the Clerk of Court to then file the lodged documents **UNDER SEAL**.

Further, the Court **GRANTS** Defendant's motion to seal documents in support of its opposition to Plaintiff's motion for summary judgment, Doc. No. 245, and **DIRECTS** the Clerk of Court to file Doc. No. 246-2 **UNDER SEAL**.

Pursuant to Doc. No. 238 at 10, the Court **DIRECTS** the Clerk of Court to also file the lodged documents in Doc. No. 247 **UNDER SEAL**.

**IT IS SO ORDERED**.

Dated: April 30, 2025

HON. MICHAEL M. ANELLO
United States District Judge