# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER BREAR BRINKER,<br><br>                  Plaintiff,<br>v.<br><br>AXOS BANK, et al.,<br><br>                  Defendants. | Case No. 22-cv-0386-MMA (DDL)<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO FILE SUR-REPLY**<br><br>[Doc. No. 248] |
| AXOS BANK, et al.,<br><br>                  Counter-Claimants,<br>v.<br><br>JENNIFER BREAR BRINKER,<br><br>                  Counter-Defendant. | |

On March 14, 2025, Defendant filed its motion for summary judgment. Doc. No. 201. Plaintiff subsequently filed her opposition, to which Defendant filed a reply. Doc. Nos. 234, 239. Plaintiff now requests permission to file a sur-reply. *See* Doc. No. 248. Plaintiff contends that Defendant improperly raised two new arguments for the first time in its reply brief: (1) that *Murray v. UBS Sec.*, LLC, 601 U.S. 23 (2024),

establishes that an employer has absolute immunity to terminate a whistleblower so long as the termination is part of a layoff; and (2) that case law analyzing "pretext" under other anti-discrimination statutes is inapplicable to retaliation claims brought under SOX, as Plaintiff does not need to show pretext for a SOX claim. *Id.* Plaintiff also claims that Defendant has misrepresented the law. *Id.* Defendant opposes the motion. *See* Doc. No. 253.

The Local Rules do not authorize the filing of a sur-reply. *See generally* CivLR 7.1. That said, district courts have the discretion to either permit or preclude the filing of a sur-reply upon request. *See Johnson v. Wennes*, No. 08CV1798-L(JMA), 2009 WL 1161620, at *2 (S.D. Cal. Apr. 28, 2009). Such discretion "should be exercised in favor of allowing a sur-reply only where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *Est. of Alvarado v. Tackett*, No. 13-CV-1202 W (JMA), 2018 WL 1141502, at *1 (S.D. Cal. Mar. 2, 2018).

At the outset, the Court notes that Plaintiff neither attached the proposed sur-reply to the motion nor indicated when it would be filed if leave were granted. Moreover, the motion was filed well after the close of briefing, almost a week and a half after Defendant filed its reply brief. Plaintiff has not provided any explanation for the delay nor any indication of diligence, especially since Plaintiff never renewed her motions to file under seal.

Looking at Defendant's summary judgment motion and reply brief, the Court finds that Defendant did not raise new arguments that would warrant granting Plaintiff leave to file a sur-reply. Regarding Plaintiff's first point, Defendant's actual position in its summary judgment motion is that part of the same-action defense under the AIR-21 burden-shifting framework inquires as to whether the employer would have taken the same adverse action absent the protected activity. *See* Doc. No. 201-1 at 38. Plaintiff seemed to challenge this argument in her opposition. *See* Doc. No. 234 at 31–38 ("Axos cannot establish, by clear and convincing evidence, that Ms. Brinker would have suffered the same unfavorable action in the absence of her protected activities."). Defendant

appears to address this issue in greater depth in response to Plaintiff's opposition. *See* Doc. No. 239 at 18–19. While the reply appears to expand on this defense by referencing *Murray* in greater detail and responding to Plaintiff's arguments regarding retaliatory intent and pretext, that additional discussion does not constitute a new legal theory.

Regarding Plaintiff's second point, Defendant did not raise the pretext issue for the first time in its reply. Defendant made clear in its summary judgment motion that the relevant causation and burden-shifting standard arises under AIR-21 and argued that the plaintiff must show that the protected activity was a contributing factor. Doc. No. 201-1 at 38. Defendant maintained that an employer may avoid liability if it proves, by clear and convincing evidence, that it would have taken the same action absent the protected conduct. *Id.* Plaintiff's opposition, in contrast, relied on arguing pretext to rebut the same-action defense. *See* Doc. No. 234 at 31–38. Again, Defendant seems to address the pretext issue in more detail in its reply because of Plaintiff's arguments raised in her opposition. Doc. No. 239 at 17–19.

Ninth Circuit courts have made it clear that reply briefs may address points raised in opposition. *See Hanney v. Epic Aircraft, LLC*, No. 6:21-CV-01199-MK, 2024 WL 2106210, at *5 (D. Or. May 10, 2024) ("[M]ultiple courts in the Ninth Circuit have held that arguments submitted in a reply are not 'new' when they directly rebut issues raised in the non-movant's opposition to a motion."); *In re Midland Credit Mgmt., Inc. Tel. Consumer Prot. Litig.*, No. 11MD2286-MMA (MDD), 2019 WL 1676015, at *3 (S.D. Cal. Apr. 17, 2019) ("Although courts generally do not review issues raised for the first time in a reply brief, they may consider them if the new issue argued is offered in response to an argument raised in the opposition brief."). Accordingly, the Court finds that the reply brief does not raise any new arguments.

Finally, Plaintiff's disagreement with Defendant's case law interpretation does not, without more, entitle her to a sur-reply. As courts have noted, "an alleged mischaracterization of the law alone cannot justify supplemental briefing, or every party would be entitled to the last word." *See, e.g., U.S. ex rel. Calilung v. Ormat Indus., Ltd.*,

No. 3:14-CV-00325-RCJ, 2015 WL 1321029, at *6 (D. Nev. Mar. 24, 2015).

Accordingly, for these reasons, the Court **DENIES** Plaintiff's motion for leave to file a sur-reply.

**IT IS SO ORDERED**.

Dated: May 27, 2025

*[signature]*

HON. MICHAEL M. ANELLO
United States District Judge