UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER BREAR BRINKER,<br>Plaintiff,<br>v.<br>AXOS BANK,<br>Defendant.<br><br>AXOS BANK,<br>Counterclaimant,<br>v.<br>JENNIFER BREAR BRINKER, and DOES 1-25, inclusive,<br>Counterclaim Defendants. | Case No.: 22-cv-0386-BJC-DDL<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>**[ECF No. 264]** |

Pending before the Court is Defendant Axos Bank's Motion for Reconsideration. ECF No. 264. The parties filed their opposition and reply. The matter is submitted on the briefs without oral argument. *See* Civ. L. R. 7.1(d)(1). For the reasons stated below, Defendant's Motion for Reconsideration is **DENIED**.

## I. BACKGROUND

Plaintiff Jennifer Brear Brinker ("Plaintiff") brings this whistleblower retaliation action against Defendant Axos Bank ("Defendant" or "Axos"). *See* ECF No. 44 ("Third Amended Complaint" or "TAC"). On March 14, 2025, Plaintiff filed a Motion for Sanctions; a Motion to Exclude Defendant's Expert Andrew Miceletti; and a Motion for

Summary Judgment. ECF Nos. 197, 198, 202. That same day, Axos filed a Motion to Exclude Plaintiff's Expert Brad Abbott and a Motion for Summary Judgment. ECF Nos. 199, 201. The parties filed their respective responses in opposition and Replies. ECF Nos. 221, 224–26, 229, 230, 232–34, 239. On September 30, 2025, the Court issued an order (1) granting in part and denying in part Plaintiff's Motion for Sanctions, (2) granting in part and denying in part Plaintiff's Motion to Exclude Defendant's Expert Andrew Miceletti, (3) granting in part and denying in part Plaintiff's Motion for Summary Judgment, (4) denying Defendant's Motion to Exclude Plaintiff's Expert Brad Abbott, and (5) granting in part and denying in part Defendant's Motion for Summary Judgment. *See* ECF No. 257.

On October 28, 2025, Defendant filed the present Motion for Reconsideration. ECF No. 264. In its Motion, Axos Bank asks the Court to reconsider and amend the prior Order to (1) grant in part Axos Bank's Motion to Exclude Certain Expert Testimony of Brad Abbott (ECF No. 201) by excluding Abbott's damages Scenarios 2, 3 and 4; and (2) further grant in part Axos Bank's Summary Judgment Motion (ECF No. 257) by holding that Axos Bank's arbitration claims and counterclaims do not constitute adverse employment actions under the Sarbanes–Oxley Act ("SOX"). *Id.* at 3. The Court addresses each argument in turn.

## II. LEGAL STANDARD

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *see also United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters.*, 229 F.3d at 890.

Rule 59(e) applies to motions to alter or amend a judgment, "in other words, a *final* order." *United States v. Martin*, 226 F.3d 1042, 1048 (9th Cir. 2000) (emphasis in original). A court may grant reconsideration under Rule 59(e), when it is "presented with

newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

Rule 60(b) similarly provides relief from judgments, orders, or proceedings that are final. *Sch. Dist. No. 5 v. Lundgren*, 259 F.2d 101, 104 (9th Cir. 1958); *see also Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.*, 886 F.3d 803, 816 (9th Cir. 2018) ("The word "final" in the Rule designates orders that terminate litigation and are subject to appeal."). Rule 60 provides for extraordinary relief and may be invoked only upon a showing of "exceptional circumstances." *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1044 (9th Cir. 1994). The Rule identifies six permissible grounds for relief from a final judgment, order, or proceeding, namely: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) and other reason justifying relief." Fed. R. Civ. P. 60(b).

## III. DISCUSSION

### A. Reconsideration of Defendant's Motion to Exclude Expert Brad Abbott

#### 1. Abbott's opinion Calculating Wrongful-Termination Damage

Brinker seeks damages for economic losses allegedly resulting from her wrongful termination and from Axos's payment of a lower rate to her than the rate it paid to a male coworker, Anthony Maniscalco, for performing the same work. ECF No. 199-1 at 6. Brinker's designated damages expert Brad Abbott ("Abbott") provided a written expert report, in which Abbott purported to estimate these losses under four alternative "scenarios," identified as Scenarios 1 through 4. *Id.* Each scenario was based on different underlying assumptions. *Id.*

In Scenarios 2 and 4, Abbot calculated damages by offsetting Brinker's earnings derived through her post-termination employment. For context, in 2021 and 2022, Brinker earned income through self-employment at Ballast Point Investments, LLC ("Ballast"). *Id.* at 8. Additionally, in September 2022, she secured employment at First Republic Bank

("First Republic"), with a $125,000 annual salary. *Id.* When calculating damages, Abbot offset Briner's earnings derived through self-employment at Ballast, but refrained from offsetting her actual earnings at First Republic. *Id.* at 12. This decision was made at the direction of Brinker's counsel, who contends that Brinker's employment at First Republic was "not comparable" to her role at Axos. *Id.* Axos moved to exclude Abbot's testimony for failure to satisfy Federal Rule of Evidence 702 and *Daubert*, ECF No. 199, but the Court denied that request.

In its Motion for Reconsideration, Axos Bank argues that the Court should reconsider admitting Abbott's Scenarios 2 and 4 because they scenarios "fail to deduct (or offset) Brinker's actual First Republic earnings from the estimated amounts she would have earned but for her termination from Axos Bank, instead assigning $0 value to her First Republic earnings." ECF No. 264-1 at 4. Axos contends that "both federal and California law require that Abbot's damages calculations for wrongful termination offset the amounts Brinker actually earned from her post-termination employment at First Republic." *Id.* at 5. Therefore, because Defendant believes that Scenarios 2 and 4 misapply the law, it argues that Abbott's testimony regarding Scenarios 2 and 4 should not have been admitted under FRE 702 because the scenarios are based on an incorrect legal calculation and could mislead the jury. *Id.*

The Court finds that Defendant has failed to demonstrate clear error. Defendant argues that the law requires Abbott's wrongful-termination damages calculations to offset the amounts Brinker earned from her post-termination employment at First Republic, regardless of whether that employment was comparable to her position at Axos Bank. *Id.* at 5. However, the law regarding whether earnings from subsequent, inferior employment must offset wrongful-termination damages is unsettled. *Compare Villacorta v. Cemex Cement, Inc.*, 221 Cal. App. 4th 1425, 1432 (2013) (holding that "if the new job is different or inferior, then the wages from that job may not be used to mitigate damages.") (citation omitted), with *Martinez v. Rite Aid Corp.*, 63 Cal. App. 5th 958, 975 (2021) (disagreeing with *Villacorta* and holding that the plaintiff's "actual post-termination earnings should

have been deducted from the past economic damages award for wrongful termination."). Given this split in authority, the Court did not commit clear error by declining to resolve the unsettled mitigation issue at the Rule 702 stage.

2. Abbott's Testimony Regarding the EPA Comparator Theory

Pursuant to the California Equal Pay Act ("EPA"), Plaintiff's TAC identified the relevant "substantially similar work" as the work performed by Axos Bank employee Anthony Maniscalco. ECF No. 44 at 35. Plaintiff alleges that Maniscalco "held the same title as Ms. Brinker," worked "alongside" her, and "performed the exact same job duties under the exact same circumstances as [Plaintiff]." *Id.* In 2017, Maniscalco was in a managerial role earning $150,000. From 2018 to 2021, Maniscalco earned $135,200. In Scenarios 3 and 4, Abbott used Maniscalco's $150,000 salary from his 2017 managerial role as the relevant comparator rate for estimating EPA-related damages. ECF No. 257 at 39.

Defendant moved to exclude Abbott's testimony regarding Scenarios 3 and 4, arguing that his damages calculations improperly used Maniscalco's $150,000 salary from 2017 as the comparator rate. ECF No. 199-1 at 13. Defendant contended that the appropriate comparator was Maniscalco's $135,200 salary, which he earned during the 2018–2021 period when he worked alongside Plaintiff and allegedly performed the same work. *Id.* at 14. Because Plaintiff's EPA claim is based on substantially similar work, Defendant argued that using the earlier $150,000 salary was inconsistent with her own allegations and rendered Scenarios 3 and 4 unreliable and inadmissible. *Id.* at 13-15.

The Court denied Defendant's motion to exclude Abbott's testimony regarding Scenarios 3 and 4. ECF No. 257 at 39-42. The Court concluded that Defendant's challenge concerned the factual assumption underlying Plaintiff's choice of comparator salary, rather than the reliability of his methodology. ECF No. 257 at 40. The Court explained that the question of which EPA comparator rate to use is a merits question concerning whether the employees performed substantially similar work – not a question of expert admissibility under Rule 702. *Id.* Because Abbott had a factual basis for using the $150,000 figure and

had also calculated damages using the $135,200 figure, the Court concluded that Defendant's objections went to the weight of Abbott's testimony, not its admissibility, and could be addressed through cross-examination and contrary evidence. *Id.* at 42.

Defendant now moves for reconsideration of the Court's prior ruling denying its request to exclude Abbott's Scenarios 3 and 4. ECF No. 264 at 9-12. Defendant contends that the Court's prior ruling rested on two factual premises that are incorrect: (1) that Plaintiff's allegations concerning Mr. Maniscalco as her comparator were made "on information and belief," and (2) that Abbott modeled damages using both the $150,000 and $135,200 comparator rates. The Court denies reconsideration for both issues.

i. *Allegations Made on Information and Belief*

In its prior Order, the Court stated that "the TAC's allegations, pleaded on information and belief, do not operate as binding judicial admissions and are not dispositive of the comparator question." ECF No. 257 at 40. In moving for reconsideration, Defendant argues that in making her comparator work allegations, Brinker did not plead those allegations "on information and belief." ECF No. 264 at 11. Defendant is mistaken. In Paragraph 89 of the TAC, Plaintiff expressly alleged:

> On information and belief, Axos maintained and continues to maintain a policy and practice of paying women less than men in the same or substantially similar job positions, even though those employees perform substantially equal or similar work. Moreover, Axos promotes men more frequently to better compensated job positions and levels than women despite similar qualifications and duties. During her employment, Ms. Brinker became aware of these policies and practices, through conversations with her fellow employees, including one male employee who was paid nearly twice as much as Ms. Brinker despite them having the same position.

ECF No. 44 at 25 (emphasis added). Plaintiff subsequently incorporated the preceding allegations into her EPA claim. *Id.* ¶ 131 ("Plaintiff repeats and incorporates by reference all allegations contained in the preceding paragraphs as if fully set forth herein."). The Court therefore did not clearly err in referring to the TAC's allegations as having been pleaded on information and belief or in concluding that those allegations were not binding

judicial admissions. Accordingly, Defendant has failed to demonstrate clear error.

ii. *Comparator Rates*

In its prior Order, the Court permitted Abbott to calculate damages in Scenarios 3 and 4 using the $150,000 comparator rate and stated that "[s]hould the controlling legal standard require use of the $135,200 rate, the appropriate course is to adjust the calculations and limit the testimony to that assumption, as Abbot has already modeled damages at both the $150,000 and $135,200 rates." *See* ECF No. 257 at 41-42. In moving for consideration, Defendant now contends that "both Scenarios 3 and 4 modeled only the $150,000 rate; *none* of Abbott's work papers or underlying calculations modeled damages using the $135,200 rate." ECF No. 264 at 11 (emphasis in original).

Defendant's contention does not establish clear error warranting reconsideration. Abbott's four proposed scenarios involve different assumptions and calculations concerning Plaintiff's alleged damages. The absence of a separate calculation using the $135,200 rate does not warrant exclusion of Scenarios 3 and 4. If the factfinder determines that the $135,200 rate is the appropriate comparator, the damages calculation can be adjusted accordingly. *See* ECF No. 257 at 41-42. Defendant remains free to challenge Abbott's use of the $150,000 rate through cross-examination and contrary evidence. Accordingly, Defendant has not demonstrated that reconsideration is warranted or that Scenarios 3 and 4 should be excluded under Rule 702. The Court therefore denies reconsideration on this ground.

**B. <u>Reconsideration of Defendant's Motion for Summary Judgment</u>**

In her Complaint, Plaintiff alleged that Defendant violated the SOX, ECF No. 44 at 28, and California Labor Code § 1102.5. *Id.* at 33. Defendant moved for summary judgment on each of Plaintiff's claims. *See* ECF No. 201.

In its counterclaim, Defendant filed several post-employment claims, including: (1) breach of contract, (2) conversion, (3) trespass to chattels, (4) breach of the duty of loyalty, (5) negligence, (6) violation of California Penal Code § 496, and (5) violation of California Penal Code § 502. *See* ECF No. 50. Plaintiff also moved for summary judgment on each

of these claims. *See* ECF No. 202-11.

The Court issued an order addressing both motions for summary judgment. *See* ECF No. 257. Concerning Defendant's motion for summary judgment, the Court held that genuine disputes of material fact remained as to whether Defendant's post-termination initiation of arbitration and assertion of counterclaims constituted actionable retaliation under SOX. *Id.* at 64. In the same order, the Court also denied Plaintiff's motion for summary judgment on Defendant's counterclaims, holding that all but one of Defendant's seven counterclaims presented sufficient evidence to survive summary judgment and proceed to trial. *See id.* at 80-108.

In moving for reconsideration, Defendant argues that the two holdings are inconsistent. *See* ECF No. 264-1 at 9. Defendant first points to the Court's ruling on Defendant's motion for summary judgment. According to Defendant, the Court held that "Axos Bank's post-employment arbitration and counterclaims can only constitute adverse employment actions under SOX if: (1) the conduct interfered with Brinker's subsequent employment; and (2) the claims were filed with retaliatory intent *and lacked a reasonable basis in both law and fact*." *Id.* (emphasis added). Defendant then points to the Court's ruling on Plaintiff's motion for summary judgment, in which the Court concluded that a reasonable jury could find that Axos had a reasonable basis for bringing its post-employment claims. *Id.* at 11. Accordingly, Defendant contends that the two holdings are inconsistent.

Defendant is mistaken. The Court did not hold that Plaintiff was required to establish, as an independent element of her SOX claim, that Defendant's post-employment arbitration and counterclaims "were filed with retaliatory intent and lacked a reasonable basis in both law and fact." *Cf.* ECF No. 264-1 at 9; ECF No. 257 at 61-64. Rather, the Court construed SOX's adverse-action element broadly, "to capture non-tangible steps that are 'more than trivial' and would dissuade a reasonable employee.'" ECF No. 257 at 64. The Court denied Defendant's motion for summary judgment, finding that a reasonable juror could find that Defendant's actions were not trivial and could deter protected activity.

*Id.*

This is not inconsistent with the Court's subsequent denial of Plaintiff's motion for summary judgment on Defendant's counterclaims. In that portion of the order, the Court concluded that six of Defendant's seven counterclaims presented sufficient evidence to partially survive summary judgment. ECF No. 257 at 80–108. However, that ruling did not determine whether Defendant brought those counterclaims for a retaliatory purpose, whether Defendant's pursuit of the counterclaims could deter a reasonable employee from engaging in protected activity, or whether the totality of the circumstances surrounding the post-employment litigation constituted an adverse employment action under SOX.

As the Court previously stated, there is "disputed evidence on reasonableness and motive." ECF No. 257 at 64. Thus, a reasonable jury could find that Defendant had a reasonable basis for pursuing its claims while also finding that Defendant's arbitration demand and counterclaims constituted adverse employment actions under the applicable statutes. Accordingly, the Court did not commit clear error and reconsideration is not warranted.

## IV. CONCLUSION

For the forgoing reasons, Defendant's Motion for Reconsideration is **DENIED** pursuant to the Federal Rules of Civil Procedure 59(e) and 60(b).

**IT IS SO ORDERED.**

Dated: September 30, 2026



Honorable Benjamin J. Cheeks
United States District Judge