UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER BREAR BRINKER,<br>Plaintiff,<br>v.<br>AXOS BANK,<br>Defendant. | Case No.: 3:22-cv-00386-BJC-DDL<br>**ATTACHMENT H AGREED UPON JURY INSTRUCTIONS**<br>Hon. Benjamin J. Cheeks<br>Schwartz Courthouse, Courtroom 3A<br>Magistrate Judge David D. Leshner<br>Action Filed: March 21, 2022 |
| AXOS BANK, a federal savings bank<br>Counterclaimant,<br>v.<br>JENNIFER BREAR BRINKER an individual; and DOES 1-25, inclusive,<br>Counterclaim Defendants | |

**1. <u>DUTY OF JURY (Court Reads and Provides Written Set of Instructions At The Beginning of Trial)</u>**[1]

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set of instructions to refer to throughout the trial. These instructions are not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, these instructions will be collected and I will give you a final set of instructions. It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

---

[1] Ninth Circuit Manual of Model Jury Instructions, 1.2 (2025) (*Last Updated Mar. 2026*).

**2. DUTY OF JURY (Court Reads Instructions At The Beginning of Trial But Does Not Provide Written Copies)**[2]

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

---

[2] Ninth Circuit Manual of Model Jury Instructions, 1.3 (2025) (*Last Updated Mar. 2026*).

**3. DUTY OF JURY (Court Reads and Provides Written Instructions At End of Case)[3]**

[Use of the bracketed material in paragraph two will depend on whether or not single or multiple sets of written instructions were provided.]

Members of the Jury: Now that you have heard all of the evidence ([)and the arguments of the attorneys(]), it is my duty to instruct you on the law that applies to this case.

[Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.]

*Or*

[A copy of these instructions will be sent to the jury room for you to consult during your deliberations.]

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

---

[3] Ninth Circuit Manual of Model Jury Instructions, 1.4 (2025) (*Last Updated Mar. 2026*).

## 4. CONDUCT OF THE JURY[4]

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, the platform "X" formerly known as Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

---

[4] Ninth Circuit Manual of Model Jury Instructions, 1.15 (2025) (*Last Updated Mar. 2026*).

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers— until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings([,) and a mistrial could result that would require the entire trial process to start over(]). If any juror is exposed to any outside information, please notify the court immediately, by sending a note through the [clerk] [bailiff] signed by any one or more of you.

**5. OUTLINE OF TRIAL**[5]

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

(The plaintiff) Ms. Brinker will then present evidence, and counsel for (the defendant) Axos may cross-examine. Then (the defendant) Axos may present evidence, and counsel for (the plaintiff) Ms. Brinker may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

---

[5] Ninth Circuit Manual of Model Jury Instructions, 1.21 (2025) (*Last Updated Mar. 2026*).

## 6. PUBLICITY DURING TRIAL[6]

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch, or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

[6] Ninth Circuit Manual of Model Jury Instructions, 1.16 (2025) (*Last Updated Mar. 2026*).

**7. BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**[7]

When a party has the burden of proving any claim ([]or affirmative defense[]) by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim ([]or affirmative defense[]) is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

[7] Ninth Circuit Manual of Model Jury Instructions, 1.6 (2025) (*Last Updated Mar. 2026*).

## 8. BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE[8]

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

[8] Ninth Circuit Manual of Model Jury Instructions, 1.7 (2025) (*Last Updated Mar. 2026*).

## 9. TAKING NOTES[9]

[To be read if the Court allows the jurors to take notes.]

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

[9] Ninth Circuit Manual of Model Jury Instructions, 1.18 (2025) (*Last Updated Mar. 2026*).

**10. WHAT IS EVIDENCE**[10]

[Use of the bracketed material will depend on whether the instruction is given at the beginning or the end of the case.]

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness that I have not stricken or otherwise instructed you not to consider;
2. the exhibits that are admitted into evidence;
3. any facts to which the lawyers have agreed; and
4. any facts that I [may instruct] [have instructed] you to accept as proved.

---

[10] Ninth Circuit Manual of Model Jury Instructions, 1.9 (2025) (*Last Updated Mar. 2026*).

**11. <u>DIRECT AND CIRCUMSTANTIAL EVIDENCE</u>**[11]

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**(Comment)**

(It may be helpful to include an illustrative example in the instruction:)

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

---

[11] Ninth Circuit Manual of Model Jury Instructions, 1.12 (2025) (*Last Updated Mar. 2026*).

**12. CHARTS AND SUMMARIES RECEIVED IN EVIDENCE[12]**

[To be given if a party presents charts and/or summaries as evidence and there is a dispute as to the accuracy of the chart or summary. A chart or summary should not be received as evidence without the establishment of a foundation for the evidence. Use of the bracketed material depends on whether the instruction is given at the beginning or the end of the case.]

Certain charts and summaries [may be] [have been] admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

[12] Ninth Circuit Manual of Model Jury Instructions, 2.16 (2025) (*Last Updated Mar. 2026*).

**13. CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE[13]**

[To be used only if a party uses charts and/or summaries for demonstrative purposes but said charts and/or summaries are not received into evidence. Use of the bracketed material depends on whether the instruction is given at the beginning or the end of the case.]

Certain charts and summaries not admitted into evidence [may be] [have been] shown to you to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

---

[13] Ninth Circuit Manual of Model Jury Instructions, 2.15 (2025) (*Last Updated Mar. 2026*).

## 14. IMPEACHMENT EVIDENCE—WITNESS[14]

[To be given only if a party presents impeachment evidence. If given, it should be combined with the provided instruction on evidence for a limited purpose.]

(The)E(e)vidence that a witness (*[e.g., has been convicted of a crime,*) lied under oath (on a prior occasion*, etc*.]) may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

[14] Ninth Circuit Manual of Model Jury Instructions, 2.10 (2025) (*Last Updated Mar. 2026*).

**15. EVIDENCE FOR LIMITED PURPOSE**[15]

[To be given if the Court chooses to include in preliminary instructions.]

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

[To be given before or after testimony is introduced for a limited purpose, if a party so requests. Use of the bracketed material will depend on whether the instruction is given at the beginning or the end of the case.]

The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [*describe purpose*] and not for any other purpose.

---

[15] Ninth Circuit Manual of Model Jury Instructions, 1.11 (2025) (*Last Updated Mar. 2026*).

## 16. WHAT IS NOT EVIDENCE[16]

[Use of the bracketed material in paragraphs one and three will depend on whether the instruction is given at the beginning or the end of the case.]

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers, are not evidence. The lawyers are not witnesses. What they [may say] [have said] in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken, or that you [are] [have been] instructed to disregard, is not evidence and must not be considered. In addition some evidence [may be] [was] received only for a limited purpose; when I [instruct] [have instructed] you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

4. Anything you may [see or hear] [have seen or heard] when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

---

[16] Ninth Circuit Manual of Model Jury Instructions, 1.10 (2025) (*Last Updated Mar. 2026*).

**17. STIPULATIONS OF FACT**[17]

The parties have agreed to certain facts ([)to be placed in evidence as Exhibit ___(]) ([)that will be read to you(]). You must therefore treat these facts as having been proved.

[17] Ninth Circuit Manual of Model Jury Instructions, 2.3 (2025) (*Last Updated Mar. 2026*).

**18. JUDICIAL NOTICE[18]**

[To be given only if the Court determines that a fact is sufficiently undisputed so as to be judicially noticed.]

The court has decided to accept as proved the fact that [*state fact*]. You must accept this fact as true.

[18] Ninth Circuit Manual of Model Jury Instructions, 2.4 (2025) (*Last Updated Mar. 2026*).

## 19. DEPOSITION IN LIEU OF LIVE TESTIMONY[19]

[To be given immediately prior to when the first deposition in lieu of live testimony is read into the record.]

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. [When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.]

The deposition of [*name of witness*] was taken on [*date*]. Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

---

[19] Ninth Circuit Manual of Model Jury Instructions, 2.5 (2025) (*Last Updated Mar. 2026*).

## 20. USE OF INTERROGATORIES[20]

[To be given only if a party presents answers to written interrogatories as evidence. Use of the bracketed material depends on whether or not the instruction is given before interrogatories and answers are read to the jury or is included in the concluding written instructions to the jury. This instruction should not be read or included if answers to interrogatories are being used only for impeachment.]

Evidence [will now be] [was] presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

---

[20] Ninth Circuit Manual of Model Jury Instructions, 2.12 (2025) (*Last Updated Mar. 2026*).

**21. <u>USE OF REQUESTS FOR ADMISSION</u>**[21]

<u>[To be given only if a party presents answers to written requests for admission as evidence. Use of the bracketed material depends on whether or not the instruction is given before the requests for admission and answers are read to the jury or is included in the concluding written instructions to the jury. This instruction should not be read or included if answers to requests for admission are being used only for impeachment.]</u>

Evidence [will now be] [was] presented to you in the form of admissions to the truth of certain facts. These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures. You must treat these facts as having been proved.

---

[21] Ninth Circuit Manual of Model Jury Instructions, 2.13 (2025) (*Last Updated Mar. 2026*).

**22. EXPERT OPINION TESTIMONY**[22]

[Use of the bracketed material will depend on whether the instruction is given at the beginning or the end of the case.]

You [have heard] [are about to hear] testimony from [*name*] who [testified] [will testify] about [his] [her] [*other pronoun*] opinions and the reasons for those opinions. This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

---

[22] Ninth Circuit Manual of Model Jury Instructions, 2.14 (2025) (*Last Updated Mar. 2026*).

## 23. CREDIBILITY OF WITNESSES[23]

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;
2. the witness's memory;
3. the witness's manner while testifying;
4. the witness's interest in the outcome of the case, if any;
5. the witness's bias or prejudice, if any;
6. whether other evidence contradicted the witness's testimony;
7. the reasonableness of the witness's testimony in light of all the evidence; and
8. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things

---

[23] Ninth Circuit Manual of Model Jury Instructions, 1.14 (2025) (*Last Updated Mar. 2026*).

but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**24. NO TRANSCRIPT AVAILABLE TO JURY[24]**

[To be read only if the Court determines not to permit readbacks or playbacks of testimony.]

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony. You will have to make your decision based on what you recall of the evidence.

[24] Ninth Circuit Manual of Model Jury Instructions, 1.17 (2025) (*Last Updated Mar. 2026*).

## 25. RULING ON OBJECTIONS[25]

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

---

[25] Ninth Circuit Manual of Model Jury Instructions, 1.13 (2025) (*Last Updated Mar. 2026*).

**26. BENCH CONFERENCES AND RECESSES[26]**

[Use of the bracketed material will depend on whether this instruction is provided at the beginning or at the end of the case.]

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess. Please understand that while you [are] [were] waiting, we [are] [were] working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum. I [may] [did] not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

[26] Ninth Circuit Manual of Model Jury Instructions, 1.20 (2025) (*Last Updated Mar. 2026*).

**27. EVIDENCE IN ELECTRONIC FORMAT**[27]

[To be given only if the Court determines that exhibits should be displayed electronically in the jury room.]

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer, and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the [clerk] [bailiff]. If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with [the clerk] [the bailiff] present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer

---

[27] Ninth Circuit Manual of Model Jury Instructions, 2.17 (2025) (*Last Updated Mar. 2026*).

for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data [disk] from the jury room, and do not copy any such data.

## INSTRUCTIONS REGARDING MS. BRINKER'S CLAIMS AGAINST AXOS

## 28. <u>"SUBSTANTIAL MOTIVATING REASON" EXPLAINED</u>[28]

A "substantial motivating reason" is a reason that actually contributed to (the [specify adverse employment action])<u>Ms. Brinker's termination</u>. It must be more than a remote or trivial reason. It does not have to be the only reason motivating the ([adverse employment action])<u>Ms. Brinker's termination</u>.

[28] Judicial Council of California Civil Jury Instructions (2026), CACI No. 2507.

**29. <u>CAUSATION: SUBSTANTIAL FACTOR</u>[29]**

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct. ([])

[29] Judicial Council of California Civil Jury Instructions (2026), CACI No. 430.

## 30. VIOLATION OF EQUAL PAY ACT – ESSENTIAL FACTUAL ELEMENTS (LAB. CODE § 1197.5)[30]

([*Name of plaintiff*]) Ms. Brinker claims that ([he/) she (/*nonbinary pronoun*]) was paid at a wage rate that is less than the rate paid to one male employee (employees of [ the opposite sex /another race/another ethnicity]). To establish this claim, ([*name of plaintiff*]) Ms. Brinker must prove all of the following:

1. That ([*name of plaintiff*]) Ms. Brinker was paid less than the rate paid to ([) a (]) person ([s]) of ([) the opposite sex (/another race/another ethnicity]) working for ([*name of defendant*]) Axos;

2. That ([*name of plaintiff*]) Ms. Brinker was performing substantially similar work as the other person([s]), considering the overall combination of skill, effort, and responsibility required; and

3. That ([*name of plaintiff*]) Ms. Brinker was working under similar working conditions as the other person([s]).

[30] Judicial Council of California Civil Jury Instructions (2026), CACI 2740.

## INSTRUCTIONS REGARDING AXOS' AFFIRMATIVE DEFENSES TO MS. BRINKER'S CLAIMS

**31. AXOS SPECIAL INSTRUCTION 1: INTERPLAY OF MS. BRINKER'S CLAIMS AND AXOS' AFFIRMATIVE DEFENSES**

If you find that Ms. Brinker has not proved her claims in accordance with these Instructions, you should find for Axos on Ms. Brinker's claims.

If you find that Ms. Brinker has proved her claims in accordance with these Instructions, your verdict should be for Ms. Brinker, unless you find that Axos has proved one or more of the following affirmative defenses in accordance with the Instructions that follow:

1. Same Action/Same Decision Defense to Ms. Brinker's three retaliation claims;

2. Different Pay Justified for Ms. Brinker's Violation of California Labor Code Section 1197.5 claim; and

3. Failure to Mitigate Damages for all claims.

**32. AFFIRMATIVE DEFENSE – DIFFERENT PAY JUSTIFIED (Applicable to Ms. Brinker's Violation of California Labor Code § 1197.5 claim)**[31]

([*Name of defendant*]) Axos claims that ([he/she/*nonbinary pronoun*/) it ([]) was justified in paying ([*name of plaintiff*]) Ms. Brinker a wage rate that was less than the rate paid to a male employee (employees of [ the opposite sex /another race/another ethnicity]). To establish this defense, ([*name of defendant*]) Axos must prove all of the following:

1. That the wage differential was based on (one or more of the following factors:

[a. A seniority system;]

[b. A merit system;]

[c. A system that measures earnings by quantity or quality of production;]

[d. (Specify alleged bona fide factor(s) other than sex, race, or ethnicity, such as education, training, or experience.).]) the male employee had more direct, relevant work experience;

2. That each factor was applied reasonably; and

3. That the factor([)s(]) that [*name of defendant*] Axos relied on account([)s(]) for the entire wage differential.

Prior salary does not justify any disparity in current compensation.

---

[31] Judicial Council of California Civil Jury Instructions (2026), CACI No. 2741.

## 33. BONA FIDE FACTOR OTHER THAN SEX, RACE, OR ETHNICITY[32]

([*Name of defendant*]) Axos claims that ([*specify bona fide factor other than sex, race, or ethnicity*]) the male employee's work experience is a legitimate factor other than ([) sex (/race/ethnicity]) that justifies paying ([*name of plaintiff*]) Ms. Brinker at a wage rate that is less than the rate paid to (employees of [ the opposite sex /another race/another ethnicity]) the male employee.

([*Specify factor*]) Work experience is a factor that justifies the pay differential only if ([*name of defendant*]) Axos proves all of the following:

1. That the factor is not based on or derived from a ([) sex (/race/ ethnicity])-based differential in compensation;

2. That the factor is job related with respect to ([*name of plaintiff*]'s) Ms. Brinker's position; and

3. That the factor is consistent with a business necessity.

A "business necessity" means an overriding legitimate business purpose such that the factor effectively fulfills the business purpose it is supposed to serve.

This defense does not apply, however, if ([*name of plaintiff*]) Ms. Brinker proves that an alternative business practice exists that would serve the same business purpose without producing the pay differential.

---

[32] Judicial Council of California Civil Jury Instructions (2026), CACI 2742.

**INSTRUCTIONS REGARDING MS. BRINKER'S DAMAGES**

**34. ECONOMIC AND NONECONOMIC DAMAGES**[33]

The damages claimed by Ms. Brinker([*name of plaintiff*]) for the harm caused by Axos([*name of defendant*]) fall into two categories called economic damages and noneconomic damages. You will be asked on the verdict form to state the two categories of damages separately.

---

[33] Judicial Council of California Civil Jury Instructions (2026), CACI No. 3902.

## 35. PRESENT CASH VALUE[34]

([*Name of defendant*]) Axos claims that ([*name of plaintiff*])Ms. Brinker's future ([)economic(]) damages for ([) loss of earnings (/future medical expenses/lost profits/[*insert other economic damages*]]), if any, should be reduced to present cash value. This is because money received now will, through investment, grow to a larger amount in the future. Present cash value is the amount of money that, if reasonably invested today, will provide ([*name of plaintiff*])Ms. Brinker with the amount of ([his/) her (/*nonbinary pronoun*/its]) future damages.

([[*Name of defendant*])Axos must prove, through expert testimony, the present cash value of ([*name of plaintiff*])Ms. Brinker's future ([)economic(]) damages. It is up to you to decide the present cash value of ([*name of plaintiff*])Ms. Brinker's future ([)economic(]) damages in light of all the evidence presented by the parties.(])

([)If you decide that ([*name of plaintiff*])Ms. Brinker's harm includes future ([)economic(]) damages for ([)loss of earnings (/future medical expenses/lost profits/[insert other economic damages]]), then you must reduce the amount of those future damages to their present cash value. You must ([)use the interest rate of ____ percent(/ [and] [specify other stipulated information]]) as agreed to by the parties in determining the present cash value of future ([)economic(]) damages.(])

---

[34] Judicial Council of California Civil Jury Instructions (2026), CACI No. 3904A.

**36. ITEMS OF NONECONOMIC DAMAGE**[35]

The following are the specific items of noneconomic damages claimed by Ms. Brinker ([*name of plaintiff*]:

[*Insert applicable instructions on items of noneconomic damage*.]

[Insert number, e.g., "1."]) 1. ([)Past(]) ([)and(]) ([)future(]) ([physical pain/)mental suffering, (/)loss of enjoyment of life,(/disfigurement/physical impairment/) inconvenience,(/grief/) anxiety,(/) humiliation,(/) emotional distress, and damage to reputation (/[insert other damages]]).[36]

No fixed standard exists for deciding the amount of these noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

([) To recover for future mental suffering, loss of enjoyment of life, inconvenience, anxiety, humiliation, emotional distress, and damage to reputation ([*insert item of pain and suffering*], [name of plaintiff]) Ms. Brinker must prove that ([he/) she (/*nonbinary pronoun*]) is reasonably certain to suffer that harm in the future.

For future ([insert item of pain and suffering]) mental suffering, loss of enjoyment of life, inconvenience, anxiety, humiliation, emotional distress, and damage to reputation, determine the amount in current dollars paid at the time of judgment that will compensate [*name of plaintiff*]Ms. Brinker for future mental suffering, loss of enjoyment of life, inconvenience, anxiety, humiliation, emotional distress, and damage to reputation ([*insert item of pain and suffering*]. [) This amount of noneconomic damages should not be further reduced to present cash value because that reduction should only be performed with respect to economic damages.(]])

---

[35] Judicial Council of California Civil Jury Instructions (2026), CACI No. 3905.

[36] Judicial Council of California Civil Jury Instructions (2026), CACI No. 3905A.

**37. <u>ARGUMENTS OF COUNSEL NOT EVIDENCE OF DAMAGES</u>[37]**

The arguments of the attorneys are not evidence of damages. Your award must be based on your reasoned judgment applied to the testimony of the witnesses and the other evidence that has been admitted during trial.

[37] Judicial Council of California Civil Jury Instructions (2026), CACI No. 3925.

**38. AGGRAVATION OF PREEXISTING CONDITION OR DISABILITY**[38]

([*Name of plaintiff*])Ms. Brinker is not entitled to damages for any physical or emotional condition that ([he/) she (/*nonbinary pronoun*]) had before ([*name of defendant*]'s)Axos' conduct occurred. However, if ([*name of plaintiff*])Ms. Brinker had a physical or emotional condition that was made worse by ([*name of defendant*]'s)Axos' wrongful conduct, you must award damages that will reasonably and fairly compensate ([him/) her (/*nonbinary pronoun*]) for the effect of Axos' conduct on that condition.

[38] Judicial Council of California Civil Jury Instructions (2026), CACI No. 3927.

**39. UNUSUALLY SUSCEPTIBLE PLAINTIFF**[39]

You must decide the full amount of money that will reasonably and fairly compensate ([name of plaintiff])Ms. Brinker for all damages caused by the wrongful conduct of ([name of defendant])Axos, even if ([name of plaintiff])Ms. Brinker was more susceptible to injury than a normally healthy person would have been, and even if a normally healthy person would not have suffered similar injury.

[39] Judicial Council of California Civil Jury Instructions (2026), CACI No. 3928.

## 40. JURORS NOT TO CONSIDER ATTORNEY FEES AND COURT COSTS[40]

You must not consider, or include as part of any award, attorneys' fees or expenses that the parties incurred in bringing or defending this lawsuit.

[40] Judicial Council of California Civil Jury Instructions (2026), CACI No. 3964.

**41. DAMAGES ON MULTIPLE LEGAL THEORIES[41]**

([*Name of plaintiff*])Ms. Brinker seeks damages from ([*name of defendant*])Axos under more than one legal theory. However, each item of damages may be awarded only once, regardless of the number of legal theories alleged.

You will be asked to decide whether ([*name of defendant*])Axos is liable to ([*name of plaintiff*])Ms. Brinker under the following legal theories ([*list*]):

1. ([*e.g., breach of employment contract*]) Retaliation in violation of SOX;

2. ([*e.g., wrongful termination in violation of public policy*]) Retaliation in violation of California Labor Code section 1102.5;

3. ([*continue*]) Wrongful termination in violation of public policy; and

4. Violation of California Labor Code section 1197.5.

The following items of damages are recoverable only once under (all) the above legal theories:

1. ([*e.g., lost past income*]) Past lost income resulting from Ms. Brinker's termination;

2. ([*e.g., medical expenses*]) Future lost income resulting from Ms. Brinker's termination;

3. Non-economic damages resulting from Mr. Brinker's termination; and

4. Non-economic damages resulting from Axos' retaliatory litigation.

([*Continue until all items of damages recoverable under any legal theory have been listed.*]])

[41] Judicial Council of California Civil Jury Instructions (2026), CACI No. 3934.

**42. PREJUDGMENT INTEREST (CIV. CODE § 3288)**[42]

If you decide that ([*name of plaintiff*])Ms. Brinker is entitled to recover damages for past economic loss in one or more of the categories of damages that ([he/)she(/nonbinary pronoun/it]) claims, then you must decide whether ([he/)she(/nonbinary pronoun/it]) should also receive prejudgment interest on each item of loss in those categories. Prejudgment interest is the amount of interest the law provides to a plaintiff to compensate for the loss of the ability to use the funds. If prejudgment interest is awarded, it is computed from the date on which each loss was incurred until the date on which you sign your verdict. Whether ([*name of plaintiff*])Ms. Brinker should receive an award of prejudgment interest on all, some, or none of any past economic damages that you may award is within your discretion. If you award these damages to ([*name of plaintiff*])Ms. Brinker, you will be asked to address prejudgment interest in the special verdict form.

[42] Judicial Council of California Civil Jury Instructions (2026), CACI No. 3935.

**43. NO PUNITIVE DAMAGES**[43]

You must not include in your award any damages to punish or make an example of ([*name of defendant*])Axos. Such damages would be punitive damages, and they cannot be a part of your verdict. You must award only the damages that fairly compensate ([*name of plaintiff*])Ms. Brinker for ([*his/*)her(*/ nonbinary pronoun/its*]) loss.

[43] Judicial Council of California Civil Jury Instructions (2026), CACI No. 3924.

**44. INSURANCE**[44]

You must not consider whether any of the parties in this case has insurance. The presence or absence of insurance is totally irrelevant. You must decide this case based only on the law and the evidence.

[44] Judicial Council of California Civil Jury Instructions (2026), CACI No. 5001.

**45. WEALTH OF PARTIES**[45]

In reaching a verdict, you may not consider the wealth or poverty of any party. The parties' wealth or poverty is not relevant to any of the issues that you must decide.

[45] Judicial Council of California Civil Jury Instructions (2026), CACI No. 117.

## INSTRUCTIONS REGARDING AXOS' CLAIMS AGAINST MS. BRINKER

**46. BREACH OF CONTRACT – ESSENTIAL FACTUAL ELEMENTS**[46]

To recover damages from ([*name of defendant*]) Ms. Brinker for breach of contract, ([*name of plaintiff*]) Axos must prove all of the following:

1. That ([*name of plaintiff*]) Axos and ([*name of defendant*]) Ms. Brinker entered into a contract that required Ms. Brinker to return Axos' confidential information after termination of her employment;

2. ([) That ([*name of plaintiff*]) Axos did all, or substantially all, of the significant things that the contract required ([him/her/*nonbinary pronoun*/) it (]) to do; ([or])

([2. That [*name of plaintiff*] was excused from having to [*specify things that plaintiff did not do, e.g., obtain a guarantor on the contract*];]

[3. That [*specify occurrence of all conditions required by the contract for [name of defendant]'s performance, e.g., the property was rezoned for residential use*];

[or]

[3. That [*specify condition(s) that did not occur*] [was/were] [waived/excused];]

[4. That [*name of defendant*] failed to do something that the contract required [him/her/*nonbinary pronoun*/it] to do;]

[*or*])

3([). That ([*name of defendant*]) Ms. Brinker failed to return Axos' confidential information (did something that the contract prohibited [him/ her (/*nonbinary pronoun*/it] from doing);(])

4(5). That ([*name of plaintiff*]) Axos was harmed; and

5(6). That ([*name of defendant*'s) Ms. Brinker's breach of contract was a substantial factor in causing ([*name of plaintiff*]) Axos' harm.

---

[46] Judicial Council of California Civil Jury Instructions (2026), CACI No. 303.

**47. DUTY OF UNDIVIDED LOYALTY – ESSENTIAL FACTUAL ELEMENTS**[47]

([*Name of plaintiff*]) Axos claims that ([he/she/*nonbinary pronoun*/) it (]) was harmed by ([*name of defendant*]) Ms. Brinker's breach of the (fiduciary) duty of loyalty. ([A/) An (]) ([agent/stockbroker/real estate agent/real estate broker/corporate officer/partner/[*insert other fiduciary relationship*]]) employee owes ([his/) her (/its]) ([principal/client/corporation/partner/[*insert other fiduciary relationship*]]) employer undivided loyalty. To establish this claim, Axos ([*name of plaintiff*]) must prove all of the following:

1. That Ms. Brinker [*name of defendant*] was ([*name of plaintiff*]'s) Axos' ([agent/stockbroker/real estate agent/real estate broker/corporate officer/partner/[*insert other fiduciary relationship*]]) employee;

2. That ([*name of defendant*] [*insert one of the following*:]) ([) Ms. Brinker knowingly acted against ([*name of plaintiff*]'s) Axos' interests and breached her duty of loyalty to Axos. To establish this, Axos must prove Ms. Brinker wrongfully used or communicated the confidential, non-public information of Axos' customers for Ms. Brinker's own purposes or those of a third party (in connection with [*insert description of transaction, e.g., "purchasing a residential property"*];] [acted on behalf of a party whose interests were adverse to [*name of plaintiff*] in connection with [*insert description of transaction, e.g., "purchasing a residential property"*];])

3. That Axos ([*name of plaintiff*])did not give informed consent to ([*name of defendant*]) Ms. Brinker's conduct;

4. That Axos ([*name of plaintiff*])was harmed; and

---

[47] Judicial Council of California Civil Jury Instructions (2026), CACI No. 4102; *Erhart v. BofI Holding, Inc.*, 612 F. Supp. 3d 1062, 1122 (S.D. Cal. 2020); *Fowler v. Varian Assocs., Inc.*, 196 Cal. App. 3d 34, 41 (1987); *E.D.C. Techs., Inc. v. Seidel*, 216 F. Supp. 3d 1012, 1016 (N.D. Cal. 2016).

5. That ([*name of defendant*])Ms. Brinker's conduct was a substantial factor in causing ([*name of plaintiff*])Axos' harm.

**48. NEGLIGENCE – ESSENTIAL FACTUAL ELEMENTS**[48]

([*Name of plaintiff*])Axos claims that ([he/she/*nonbinary pronoun*]) it was harmed by ([*name of defendant*])Ms. Brinker's negligence. To establish this claim, ([*name of plaintiff*])Axos must prove all of the following:

1. That ([*name of defendant*])Ms. Brinker owed Axos a duty of care (was negligent);

2. Ms. Brinker breached her duty of care with respect to the non-public personal information of Axos' customers;

3. That ([*name of plaintiff*])Axos was harmed; and

4. That ([*name of defendant*])Ms. Brinker's (negligence) breach of her duty of care was a substantial factor in causing ([*name of plaintiff*]'s)Axos' harm.

---

[48] Judicial Council of California Civil Jury Instructions (2026), CACI No. 400.

**49. BASIC STANDARD OF CARE**[49]

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.

A person can be negligent by acting or by failing to act. A person is negligent if that person does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.

You must decide how a reasonably careful person would have acted in ([*name of plaintiff/defendant*])Ms. Brinker's situation.

[49] Judicial Council of California Civil Jury Instructions (2026), CACI No. 401.

**50. <u>DEFINITION OF "ACCESS" (CALIFORNIA PENAL CODE § 502(b)(1))</u>**[50]

The term "access" means to gain entry to, instruct, cause input to, cause output from, cause data processing with, or communicate with the logical, arithmetical, or memory function resources of a computer, computer system, or computer network.

A person can access a computer, computer system, or computer network in different ways. For example, access can be accomplished by sitting down at a computer and using the mouse and keyboard, or by using a wireless network or some other method or tool to gain remote entry.

---

[50] Judicial Council of California Civil Jury Instructions (2025), CACI No. 1813

**INSTRUCTIONS REGARDING MS. BRINKER'S AFFIRMATIVE DEFENSES TO AXOS' CLAIMS**

**51. AXOS SPECIAL INSTRUCTION 2: SPECIAL INSTRUCTION ON INTERPLAY OF AXOS' CLAIMS AND MS. BRINKER'S AFFIRMATIVE DEFENSES**

If you find that Axos has not proved any of its claims in accordance with these Instructions, you should find for Ms. Brinker on Axos' claims.

If you find that Axos has proved any of its claims in accordance with these Instructions, your verdict should be for Axos, unless you find that Ms. Brinker has proved one or more of the following affirmative defenses in accordance with the Instructions that follow:

**52. AFFIRMATIVE DEFENSE – COMPARATIVE FAULT OF PLAINTIFF[51]**

([*Name of defendant*])Ms. Brinker claims that ([*name of plaintiff*]'s) Axos' own negligence contributed to ([*his/her/nonbinary pronoun*])its harm. To succeed on this claim, ([*name of defendant*])Ms. Brinker must prove both of the following:

1. That ([*name of plaintiff*])Axos (was negligent)breached its duty of care; and

2. That ([*name of plaintiff*]'s)Axos' negligence was a substantial factor in causing ([*his/her/nonbinary pronoun*]its harm.

If ([*name of defendant*])Ms. Brinker proves the above, ([*name of plaintiff*]'s)Axos' damages are reduced by your determination of the percentage of ([*name of plaintiff*]'s)Axos' responsibility. I will calculate the actual reduction.

---

[51] Judicial Council of California Civil Jury Instructions (2026), CACI No. 405.

**<u>INSTRUCTIONS REGARDING AXOS' DAMAGES</u>**

**53. DAMAGES—PROOF**[52]

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Axos (the plaintiff [on the plaintiff's [*specify type of claim*] claim]) on any of its claims, you must determine (the plaintiff's) Axos' damages. (The plaintiff) Axos ([*name*]) has the burden of proving its damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate (the plaintiff) Axos ([*name*]) for any injury you find was caused by (the defendant) Ms. Brinker. ([*name*]. You should consider the following:

The nature and extent of Axos' injuries.

([Insert types of damages. See Instruction 5.2 (Measures of Types of Damages)] [;] )

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

---

[52] Ninth Circuit Manual of Model Jury Instructions, 5.1 (2025 (*Last Updated Dec. 2025*).

**54. INTRODUCTION TO CONTRACT DAMAGES**[53]

If you decide that ([*name of plaintiff*])Axos has proved ([his/her/*nonbinary pronoun*/)its(]) claim against ([name of defendant])Ms. Brinker for breach of contract, you also must decide how much money will reasonably compensate ([*name of plaintiff*])Axos for the harm caused by (the breach)Ms. Brinker's failure to return its confidential information. This compensation is called "damages." The purpose of such damages is to put ([*name of plaintiff*])Axos in as good a position as ([he/she/*nonbinary pronoun*/)it(]) would have been if ([*name of defendant*])Ms. Brinker had performed as promised.

To recover damages for any harm, ([*name of plaintiff*])Axos must prove that when the contract was made, both parties knew or could reasonably have foreseen that the harm was likely to occur in the ordinary course of events as result of the breach of the contract.

([*Name of plaintiff*])Axos also must prove the amount of ([his/her/*nonbinary pronoun*/)its(]) damages according to the following instructions. ([He/She/*Nonbinary pronoun*/)It(]) does not have to prove the exact amount of damages. You must not speculate or guess in awarding damages.

([*Name of* plaintiff]) Axos claims damages from Ms. Brinker for ([*identify general damages claimed*]:

[*Insert applicable instructions on items of economic damage*.])internal personnel labor costs Axos reasonably incurred from Summer 2024 through November 19, 2024 to investigate the magnitude of and to mitigate Ms. Brinker's theft of confidential information.

---

[53] Judicial Council of California Civil Jury Instructions (2026), CACI No. 350.

## 55. INTRODUCTION TO TORT DAMAGES—LIABILITY CONTESTED[54]

If you decide that ([*name of plaintiff*])Axos has proved ([his/her/*nonbinary pronoun*])its claim or claims against ([*name of defendant)*Ms. Brinker(]), you also must decide how much money will reasonably compensate ([*name of plaintiff*])Axos for the harm. This compensation is called "damages."

The amount of damages must include an award for each item of harm that was caused by [*name of defendant*]Ms. Brinker's wrongful conduct, even if the particular harm could not have been anticipated.

([*Name of plaintiff*])Axos does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. However, you must not speculate or guess in awarding damages.

([)The following are the specific items of damages claimed by ([*name of plaintiff*])Axos:(]

[*Insert applicable instructions on items of damage.*])

Internal personnel labor costs Axos reasonably incurred from Summer 2024 through November 19, 2024 to investigate the magnitude of and to mitigate Ms. Brinker's theft of confidential information.

[54] Judicial Council of California Civil Jury Instructions (2026), CACI No. 3900.

**56. ITEMS OF ECONOMIC DAMAGE**[55]

The following are the specific items of economic damages claimed by ([*name of plaintiff*])Axos:

([*Insert applicable instructions on items of economic damage.*]) Internal personnel labor costs Axos reasonably incurred from Summer 2024 through November 19, 2024 to investigate the magnitude of and to mitigate Ms. Brinker's theft of confidential information.

[55] Judicial Council of California Civil Jury Instructions (2026), CACI No. 3903.

**57. DAMAGES ON MULTIPLE LEGAL THEORIES**[56]

([*Name of plaintiff*])Axos seeks damages from ([*name of defendant*])Ms. Brinker under more than one legal theory. However, each item of damages may be awarded only once, regardless of the number of legal theories alleged.

You will be asked to decide whether ([*name of defendant*])Ms. Brinker is liable to ([*name of plaintiff*]) Axos under the following legal theories [*list*]:

1. ([*e.g., breach of employment contract*])Breach of confidentiality agreement;
2. ([*e.g., wrongful termination in violation of public policy*])Conversion;
3. ([*continue*]) Breach of the duty of loyalty;
4. Negligence;
5. Violation of California Penal Code § 496; and
6. Violation of California Penal Code § 502.

The following items of damages are recoverable only once under all the above legal theories:(

1. [*e.g., lost past income*]
2. [*e.g., medical expenses*]
3. [*continue*]) Internal personnel labor costs Axos reasonably incurred from Summer 2024 through November 19, 2024 to investigate the magnitude of and to mitigate Ms. Brinker's theft of confidential information.

([[The following additional items of damages are recoverable only once for [*specify legal theories*]:

1. [e.g., emotional distress];
2. [continue].

[*Continue until all items of damages recoverable under any legal theory have been listed.*]])

---

[56] Judicial Council of California Civil Jury Instructions (2026), CACI No. 3934.

## 58. DAMAGES FOR INVESTIGATING VIOLATIONS OF COMPREHENSIVE COMPUTER DATA AND ACCESS FRAUD ACT (CALIFORNIA PENAL CODE § 502(e)(1))[57]

To recover damages for money spent to investigate or verify whether ([*name of plaintiff*]'s)Axos' computer system, computer network, computer program, or data was or was not altered, damaged, or deleted by ([*specify wrongful conduct under section 502(c) that led to accessing the plaintiff's computer system, computer network, or computer program*])Ms. Brinker's access and unauthorized taking, coping, and/or otherwise using Axos' data, ([*name of plaintiff*])Axos must prove the amount of money reasonably and necessarily spent to conduct such an investigation.

---

[57] Judicial Council of California Civil Jury Instructions (2026), CACI No. 1814.

## 59. AXOS SPECIAL INSTRUCTION 3: NOMINAL DAMAGES FOR CALIFORNIA PENAL CODE § 502[58]

In connection with Axos' claims for violation of Penal Code Section 502, if you decide that Axos was injured but has not established damages by a preponderance of the evidence, you can award it nominal damages ranging from one cent to one dollar.

[58] *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 800 (2021); *Roman v. MSL Capital, LLC*, 2019 U.S. Dist. LEXIS 114803 (C.D. Cal. July 9, 2019), *aff'd*, 820 Fed. Appx. 592 (9th Cir. 2020).

**<u>CONCLUDING INSTRUCTIONS</u>**

**60. DUTY TO DELIBERATE**[59]

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

---

[59] Ninth Circuit Manual of Model Jury Instructions, 3.1 (2025) (*Last Updated Mar. 2026*).

**61. <u>CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY</u>[60]**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, the platform "X" formerly known as Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it ([,) although I have no information that there will be news reports about this case(]); do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any

---

[60] Ninth Circuit Manual of Model Jury Instructions, 3.2 (2025) (*Last Updated Mar. 2026*).

investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings([,) and a mistrial could result that would require the entire trial process to start over(]). If any juror is exposed to any outside information, please notify the court immediately.

## 62. COMMUNICATION WITH COURT[61]

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

[61] Ninth Circuit Manual of Model Jury Instructions, 3.3 (2025) (*Last Updated Mar. 2026*).

**63. READBACK OR PLAYBACK**[62]

**(Comment**

If during jury deliberations a request is made by the jury or by one or more jurors for a readback of a portion or all of a witness's testimony, and the court in exercising its discretion determines after consultation with the lawyers that a readback should be allowed, the Committee recommends the following admonition be given in open court with both sides present:)

Because a request has been made for a [readback] [playback] of the testimony of [*witness's name*] it is being provided to you, but you are cautioned that all [readbacks] [playbacks] run the risk of distorting the trial because of overemphasis of one portion of the testimony. ([Therefore, you will be required to hear all the witness's testimony on direct and cross-examination, to avoid the risk that you might miss a portion bearing on your judgment of what testimony to accept as credible.] [Because of the length of the testimony of this witness, excerpts will be [read] [played].]) The [readback] [playback] could contain errors. The [readback] [playback] cannot reflect matters of demeanor([), tone of voice,(]) and other aspects of the live testimony. Your recollection and understanding of the testimony controls. Finally, in your exercise of judgment, the testimony [read] [played] cannot be considered in isolation but must be considered in the context of all the evidence presented.

---

[62] Ninth Circuit Manual of Model Jury Instructions, 3.4 (2025) (*Last Updated Mar. 2026*).

**64. <u>RETURN OF VERDICT</u>**[63]

A verdict form has been prepared for you. [*Explain verdict form as needed.*] After you have reached unanimous agreement on a verdict, your ([]presiding juror ([] [foreperson]) should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom.

---

[63] Ninth Circuit Manual of Model Jury Instructions, 3.5 (2025) (*Last Updated Mar. 2026*).

## 65. POST-DISCHARGE INSTRUCTION[64]

Now that the case has been concluded, some of you may have questions about the confidentiality of the proceedings. Now that the case is over, you are free to discuss it with any person you choose. By the same token, however, I would advise you that you are under no obligation whatsoever to discuss this case with any person.

([)If you do decide to discuss the case with anyone, I would suggest you treat it with a degree of solemnity in that whatever you do decide to say, you would be willing to say in the presence of the other jurors or under oath here in open court in the presence of all the parties.(])

([)Finally, always bear in mind that if you do decide to discuss this case, the other jurors fully and freely stated their opinions with the understanding they were being expressed in confidence. Please respect the privacy of the views of the other jurors.(])

([)Finally, if you would prefer not to discuss the case with anyone, but are feeling undue pressure to do so, please feel free to contact the courtroom deputy, who will notify me, and I will assist.(])

[64] Ninth Circuit Manual of Model Jury Instructions, 3.9 (2025) (*Last Updated Mar. 2026*).

**66. <u>PUNITIVE DAMAGES – INDIVIDUAL DEFENDANT – BIFURCATED TRIAL (FIRST PHASE)</u>**

If you decide that Ms. Brinker's conduct caused Axos harm, you must decide whether that conduct justifies an award of punitive damages. At this time, you must decide whether Axos has proved by clear and convincing evidence that Ms. Brinker engaged in that conduct with malice, oppression, or fraud. The amount of punitive damages, if any, will be decided later.

"Malice" means that Ms. Brinker acted with intent to cause injury or that Ms. Brinker's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when the person is aware of the probable dangerous consequences of the person's conduct and deliberately fails to avoid those consequences.

"Oppression" means that Ms. Brinker's conduct was despicable and subjected Axos to cruel and unjust hardship in knowing disregard of its rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that Ms. Brinker intentionally misrepresented or concealed a material fact and did so intending to harm Axos.

## 67. PUNITIVE DAMAGES – ENTITY DEFENDANT – BIFURCATED TRIAL (FIRST PHASE)

If you decide that Axos's conduct caused Ms. Brinker harm, you must decide whether that conduct justifies an award of punitive damages. The amount, if any, of punitive damages will be an issue decided later.

At this time, you must decide whether Ms. Brinker has proved that Axos engaged in that conduct with malice, oppression, or fraud. To do this, Ms. Brinker must prove [one of] the following by clear and convincing evidence:

- 1.[That the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of Axos who acted on behalf of Axos; [or]]
- 2.[That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of Axos; [or]]
- 3.[That one or more officers, directors, or managing agents of Axos knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.]

"Malice" means that Axos acted with intent to cause injury or that Axos's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A defendant acts with knowing disregard when the defendant is aware of the probable dangerous consequences of the defendant's conduct and deliberately fails to avoid those consequences.

"Oppression" means that Axos's conduct was despicable and subjected Ms. Brinker to cruel and unjust hardship in knowing disregard of her rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that Axos intentionally misrepresented or concealed a material fact and did so intending to harm Ms. Brinker.

An employee is a "managing agent" if the employee exercises substantial independent authority and judgment in corporate decisionmaking such that the employee's decisions ultimately determine corporate policy.