UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER BREAR BRINKER,<br>Plaintiff,<br>v.<br>AXOS BANK,<br>Defendant. | Case No.: 3:22-cv-00386-BJC-DDL<br>**ATTACHMENT I DISPUTED JURY INSTRUCTIONS**<br>Hon. Benjamin J. Cheeks<br>Schwartz Courthouse, Courtroom 3A<br>Magistrate Judge David D. Leshner<br>Action Filed: March 21, 2022 |
| AXOS BANK, a federal savings bank<br>Counterclaimant,<br>v.<br>JENNIFER BREAR BRINKER an individual; and DOES 1-25, inclusive,<br>Counterclaim Defendants | |

**1. AXOS' INSTRUCTION: CLAIMS AND DEFENSES**[1]

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

(The plaintiff [*name*])Ms. Brinker (asserts that [*plaintiff's claims*].) has asserted claims against Axos for:

1. Retaliation in Violation of the Sarbanes-Oxley Act;
2. Retaliation in Violation of California Labor Code section 1102.5;
3. Wrongful Termination in Violation of Public Policy; and
4. Violation of California Labor Code section 1197.5.

(The plaintiff [*name*])Ms. Brinker has the burden of proving these claims.

(The defendant [*Axos*])Axos denies (those claims [and also contends that [*defendant's counterclaims and/or affirmative defenses*]].) Ms. Brinker's claims. Axos has also asserted the following affirmative defenses:

1. Same Action/Same Decision Defense;
2. Different Pay Justified; and
3. Failure to Mitigate Damages.

([The defendant [*name*])Axos has the burden of proof on these affirmative defenses. ([*counterclaims and/or affirmative defenses*.]])

Axos has also asserted its own counterclaims against Ms. Brinker for:

1. Breach of Contract (Confidentiality Agreement);
2. Conversion;
3. Breach of the Duty of Loyalty;
4. Negligence;
5. Violation of California Penal Code section 496; and
6. Violation of California Penal Code section 502.

---

[1] Ninth Circuit Manual of Model Jury Instructions, 1.5 (2025) (*Last Updated Mar. 2026*).

Axos has the burden of proof on these claims.

([The plaintiff [*name*])Ms. Brinker denies Axos' claims. ([*defendant's counterclaims and/or affirmative defenses*].])Ms. Brinker has also asserted the following affirmative defenses to Axos' claims:

1. Waiver;

2. Failure to Mitigate;

3. Litigation Privilege;

4. Whistleblowing Activity.

Ms. Brinker has the burden of proving each element of her affirmative defenses.

**2. BRINKER'S INSTRUCTION: CLAIMS AND DEFENSES[2]**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

(The plaintiff [*name*])Ms. Brinker (asserts that [*plaintiff's claims*].) has asserted claims against Axos for:

1. Retaliation in Violation of the Sarbanes-Oxley Act;
2. Retaliation in Violation of California Labor Code section 1102.5;
3. Wrongful Termination in Violation of Public Policy; and
4. Violation of California Labor Code section 1197.5.

(The plaintiff [*name*])Ms. Brinker has the burden of proving these claims.

(The defendant [*Axos*])Axos denies (those claims [and also contends that [*defendant's counterclaims and/or affirmative defenses*]].) Ms. Brinker's claims. Axos has also asserted the following affirmative defenses:

1. Same Action/Same Decision Defense;
2. Different Pay Justified; and
3. Failure to Mitigate Damages; and
4. Unclean Hands.

([The defendant [*name*])Axos has the burden of proof on these affirmative defenses. ([*counterclaims and/or affirmative defenses*.]])

Axos has also asserted its own counterclaims against Ms. Brinker for:

1. Breach of Contract (Confidentiality Agreement);
2. Conversion;
3. Breach of the Duty of Loyalty;
4. Negligence;
5. Violation of California Penal Code section 496; and

---

[2] Ninth Circuit Manual of Model Jury Instructions, 1.5 (2025) (*Last Updated Mar. 2026*).

<u>6. Violation of California Penal Code section 502.</u>

<u>Axos has the burden of proof on these claims.</u>

([The plaintiff [*name*])<u>Ms. Brinker</u> denies <u>Axos' claims</u>. ([*defendant's counterclaims and/or affirmative defenses*].])<u>Ms. Brinker has also asserted the following affirmative defenses to Axos' claims</u>:

<u>1. Waiver;</u>

<u>2. Failure to Mitigate;</u>

<u>3. Litigation Privilege;</u>

<u>4. Whistleblowing Activity;</u>

<u>5. Unclean Hands.</u>

Ms. Brinker has the burden of proving each element of her affirmative defenses.

## 3. AXOS' INSTRUCTION: CORPORATIONS AND PARTNERSHIPS—FAIR TREATMENT[3]

All parties are equal before the law and a ([corporation] [partnership]) bank is entitled to the same fair and conscientious consideration by you as any party.

[3] Ninth Circuit Manual of Model Jury Instructions, 4.1 (2025) (*Last Updated Mar. 2026*).

## 4. AXOS' INSTRUCTION: LIABILITY OF CORPORATIONS—SCOPE OF AUTHORITY NOT IN ISSUE[4]

Under the law, a (corporation) bank is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a (corporation) bank is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

---

[4] Ninth Circuit Manual of Model Jury Instructions, 4.2 (2025) (*Last Updated Mar. 2026*).

## 5. BRINKER'S INSTRUCTION: PARTY HAVING POWER TO PRODUCE BETTER EVIDENCE[5]

You may consider the ability of each party to provide evidence. If a party provided weaker evidence when it could have provided stronger evidence, you may distrust the weaker evidence.

[5] Judicial Council of California Civil Jury Instructions (2026), CACI No. 203.

**6. <u>BRINKER'S INSTRUCTION: WILLFUL SUPPRESSION OF EVIDENCE</u>[6]**

You may consider whether one party intentionally (concealed or) destroyed <u>and/or altered</u> evidence. If you decide that a party did so, you may decide that the evidence would have been unfavorable to that party.

[6] Judicial Council of California Civil Jury Instructions (2026), CACI No. 204.

## 7. **AXOS' INSTRUCTION: BUSINESS JUDGMENT FOR AT WILL" EMPLOYMENT**[7]

In California, employment is presumed to be "at will." That means that an employer may ([) discharge (/[*other adverse action*]]) an employee for no reason, or for good, bad, mistaken, unwise, or even unfair reason, as long as its action is not for a ([discriminatory/) retaliatory (]) reason.

[7] Judicial Council of California Civil Jury Instructions (2026), CACI No. 2513.

## INSTRUCTIONS REGARDING MS. BRINKER'S CLAIMS AGAINST AXOS

**8. <u>BRINKER SPECIAL INSTRUCTION 1: SARBANES-OXLEY WHISTLEBLOWER RETALIATION</u>[8]**

Ms. Brinker claims that Axos discharged her in retaliation for her disclosure of information of an unlawful act. In order to establish this claim, Ms. Brinker must prove all of the following:

That Axos was Ms. Brinker's employer;

That Axos believed that Ms. Brinker had disclosed or would disclose, to an employee with authority to investigate, discover, or correct legal violations and/or a Federal regulatory or law enforcement agency that Axos violated laws or regulations related to its internal controls, investor fraud, or retaliation for raising concerns about Axos' internal controls or investor fraud;

That Ms. Brinker had reasonable cause to believe that the information disclosed a violation of law;

That Axos discharged Ms. Brinker, and/or restricted her access to the Archer Database, and/or brought retaliatory litigation against her;

That Ms. Brinker's disclosure of information was a contributing factor in Axos' decision to discharge Ms. Brinker, and/or restrict her access to the Archer Database, and/or bring retaliatory litigation against her;

That Ms. Brinker was harmed; and

That Axos' conduct was a substantial factor in causing Ms. Brinker's harm.

A "contributing factor" is any factor, which alone or in connection with other factors, tends to affect the outcome of a decision. A contributing factor can be proved even when other legitimate factors also contributed to the employer's decision.

---

[8] Judicial Council of California Civil Jury Instructions (2026), CACI No. 2511; *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 996 (9th Cir. 2009) (citing 29 C.F.R. § 1980.104(b)(1)(i)-(iv)), 18 U.S.C. § 1514A(a)(1)).

It is not Ms. Brinker's motivation for her disclosure, but only the content of that disclosure, that determines whether the disclosure is protected.

A disclosure is protected even though disclosing the information may be part of Ms. Brinker's job duties.

## 9. AXOS' INSTRUCTION: SARBANES-OXLEY ACT – ELEMENTS OF CLAIM AND BURDEN OF PROOF[9]

Ms. Brinker claims Axos retaliated against her in violation of SOX. To establish her claim, Ms. Brinker must prove all the following elements by a preponderance of the evidence:

1. That she reasonably believed that she engaged in protected activity as defined by SOX and as explained to you in these Instructions;
2. That Axos knew or suspected that she engaged in the protected activity;
3. That she suffered an unfavorable personnel action; and
4. That the protected activity was a contributing factor in the unfavorable personnel action.

In order to establish a "reasonable belief," Ms. Brinker must prove that she actually believed that Axos was in violation of the relevant law, and that her belief was objectively reasonable, given her training and experience. It is not required that there be an actual violation of the law, only that Ms. Brinker reasonably believed the relevant law was being violated.

Ms. Brinker must prove that her alleged protected activity was a contributing factor to her unfavorable personnel action. A "contributing factor" is any factor, which alone or in combination with other factors, tends to affect in any way the outcome of the decision. To be a "contributing factor," the factor need not be the only factor affecting or influencing the decision, nor must it be a significant, substantial, primary, or predominant factor.

---

[9] *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 996, 1000 (9th Cir. 2009) (citing 29 C.F.R. § 1980.104(b)(1)(i)-(iv)), 18 U.S.C. § 1514A(a)(1)); *Tides v. Boeing Co.*, 644 F.3d 809, 813-14 (9th Cir. 2011); *see also* ECF Nos. 43, 49.

## 10. AXOS SPECIAL INSTRUCTION 1: "REASONABLE CAUSE TO BELIEVE"

To prove "reasonable cause to believe" under Section 1102.5, Ms. Brinker must prove that she actually believed that Axos was in violation of a state or federal statute or a violation of a local/state/federal rule or regulation and that her belief was objectively reasonable, given her training and experience

## 11. AXOS SPECIAL INSTRUCTION 2: SOX "PROTECTED ACTIVITY" DEFINED[10]

In order to find that she engaged in protected activity, Ms. Brinker must prove:

1. That she had a reasonable belief (even if it was a mistaken belief) that
2. Axos was violating a rule or regulation of the SEC or a federal law relating to fraud against shareholders;
3. Which she reported to either a federal regulator or law enforcement agency, or a supervisor or other individual who has the authority to investigate the alleged misconduct.

In order to show that she engaged in protected activity under SOX, Ms. Brinker must show that she reasonably believed that the conduct she complained about violated a rule or regulation of the SEC; or violated a federal law relating to fraud against shareholders:

Ms. Brinker alleges the conduct she reported violated SEC rules or regulations called the "Internal Controls Rule." Under the Internal Controls Rule, it is unlawful for a bank to fail to maintain a system of internal controls that provides reasonable assurance regarding the reliability of financial reporting and preparation of external financial statements. This system must include policies and procedures that: (1) relate to the maintenance of records that in reasonable detail accurately and fairly reflect the transactions and disposition of a bank's assets; (2) provide reasonable assurance that expenditures are made only in accordance with

---

[10] *Tides v. Boeing Co.*, 644 F.3d 809, 813-14 (9th Cir. 2011); *Erhart v. BofI Holding, Inc.*, 445 F. Supp. 3d 831, 845-46 (S.D. Cal. 2020); *Van Asdale*, 577 F.3d at 1000-1001; *Fraser v. Fiduciary Trust Co. Int'l*, 417 F. Supp. 2d 310, 322 (S.D.N.Y. Feb. 15, 2006); 18 U.S.C. § 1514A(a)(1); *Grimm v. Target Corp.*, 2017 U.S. Dist. LEXIS 17123, **8--10 (D. Minn. Feb. 6, 2017); 17 C.F.R. § 240.13a–15(a); *Erhart v. BofI Holding, Inc.*, 612 F. Supp. 3d 1062, 1087-1105(S.D. Cal. Mar. 31, 2020); (ECF Nos. 43 at p. 17; No. 49 at pp. 8-9).

management's authorization; and (3) provide reasonable assurance that there is prevention or timely detection of unauthorized use or disposition of assets that could have a material effect on the financial statements.

Ms. Brinker also alleged that Axos engaged in shareholder fraud. Shareholder fraud occurs if there is a material misrepresentation or omission with the intent to deceive another in connection with the purchase or sale of a security, if the individual deceived relies on the misrepresentation or omission, and there is economic loss caused by the misrepresentation or omission.

## 12. AXOS SPECIAL INSTRUCTION 1: "UNFAVORABLE PERSONNEL ACTION" DEFINED[11]

To prevail on a SOX claim, Ms. Brinker must also prove that she experienced an unfavorable personnel action. An unfavorable personnel action is one that a reasonable employee would have found to be materially adverse, which means it might have dissuaded a reasonable worker from engaging in the protected activity and includes discharging, demoting, suspending, threatening, harassing, or in any other manner discriminating against an employee in the terms and conditions of employment.

Ms. Brinker must prove that the following constitute "unfavorable personnel actions" as defined above:

1. Restricting Ms. Brinker's access to portions of Axos' Archer database;
2. The termination of Ms. Brinker's employment with Axos; or
3. Axos' initiation of arbitration claims and counterclaims in this action against Ms. Brinker.

[11] *Halliburton, Inc. v. Dep't of Lab., Admin. Rev. Bd.*, 771 F.3d 254, 259-60 (5th Cir. 2014); 18 U.S.C. § 1514A; ECF No. 257, p. 69, n. 14.

**13. AXOS' SPECIAL INSTRUCTION: WHISTLEBLOWER PROTECTION—ESSENTIAL FACTUAL ELEMENTS (LAB. CODE § 1102.5)**[12]

([*Name of plaintiff*]) Ms. Brinker claims that ([*name of defendant*]) Axos ([]discharged (/*other adverse employment action*]]) ([him/) her (/*nonbinary pronoun*]) in retaliation for ([his/) her (/nonbinary pronoun]) ([]disclosure of information of (/refusal to participate in]) an allegedly unlawful act. To establish this claim, ([name of plaintiff]) Ms. Brinker must prove all of the following are more likely true than not true:

1. That ([*name of defendant*]) Axos was ([*name of plaintiff*]'s) Ms. Brinker's employer;

2. ([]That ([[*name of plaintiff*]) Ms. Brinker disclosed or (/ [*name of defendant*]) Axos believed that ([*name of plaintiff*]) Ms. Brinker ([]had disclosed and/or might disclose to a ([]government agency (/law enforcement agency/ person with authority over [*name of plaintiff*]/) ([]or[]) an employee with authority to investigate, discover, or correct legal ([] violations (or / noncompliance ]]) that ([specify information disclosed]) Axos violated laws or regulations related to its banking practices, internal controls, shareholder fraud, and California's Equal Pay Act; ([]

[or]

[That [*name of plaintiff*] [provided information to/testified before] a public body that was conducting an investigation, hearing, or inquiry;]

[or]

[That [*name of plaintiff*] refused to [*specify activity in which plaintiff refused to participate*];)

---

[12] Judicial Council of California Civil Jury Instructions (2026), CACI No. 4603; Cal. Lab. Code § 1102.5.

3. That ([*name of plaintiff*]) Ms. Brinker had reasonable cause to believe that the information disclosed ([) a violation of a ([) state or (/) federal (]) statute or (/[) a violation of/noncompliance with (]) a ([) local/state/federal (]) rule or regulation (]); ([

[or]

[That [name of plaintiff] had reasonable cause to believe that the [information provided to/testimony before] the public body disclosed [a violation of a [state/federal] statute/[a violation of/ noncompliance with] a [local/state/federal] rule or regulation];] [or]

[That [name of plaintiff]'s participation in [specify activity] would result in [a violation of a [state/federal] statute/[a violation of/ noncompliance with] a [local/state/federal] rule or regulation];])

4. That ([*name of defendant*] Axos ([) discharged (/[other adverse employment action]]) ([*name of plaintiff*]) Ms. Brinker/;

5. That ([[*name of plaintiff*]'s) Ms. Brinker's ([) disclosure of information (/refusal to [specify]]/[*name of defendant*]'s belief that [*name of plaintiff*] [had disclosed/might disclose] information]) was a contributing factor in ([*name of defendant*]'s) Axos' decision to ([) discharge ([*other adverse employment action*]] [*name of plaintiff*]) Ms. Brinker;

6. That ([*name of plaintiff*]) Ms. Brinker was harmed; and

7. That ([*name of defendant*]'s) Axos' conduct was a substantial factor in causing ([*name of plaintiff*]'s) Ms. Brinker's harm.

A "contributing factor" is any factor, which alone or in connection with other factors, tends to affect the outcome of a decision. A contributing factor can be proved even when other legitimate factors also contributed to the employer's decision.

([) The disclosure of policies that an employee believes to be merely unwise, wasteful, gross misconduct, or the like, is not protected. Instead, ([*name of plaintiff*]) Ms. Brinker must have reasonably believed that ([*name of defendant*]'s) Axos' policies violated federal, state, or local statutes, rules, or regulations. (])

([)It is not ([name of plaintiff]'s)Ms. Brinker's motivation for ([his/)her(/nonbinary pronoun]) disclosure, but only the content of that disclosure, that determines whether the disclosure is protected.(])

([)A disclosure is protected even though disclosing the information may be part of ([name of plaintiff]'s) Ms. Brinker's job duties.]

([A disclosure is protected even though the [agency/employer] already knew about the information disclosed.])

## 14. BRINKER'S INSTRUCTION: WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY—ESSENTIAL FACTUAL ELEMENTS[13]

([*Name of plaintiff*]) Ms. Brinker claims ([he/) she (/*nonbinary pronoun*]) was discharged from employment for reasons that violate a public policy. It is a violation of public policy ([*specify claim in case, e.g., to discharge someone from employment for refusing to engage in price fixing*]) to discharge someone for disclosing a violation of state, federal, or local law. To establish this claim, ([*name of plaintiff*]) Ms. Brinker must prove all of the following:

1. That ([*name of plaintiff*]) Ms. Brinker was employed by ([*name of defendant*]) Axos;

2. That ([*name of defendant*]) Axos discharged ([*name of plaintiff*]) Ms. Brinker;

3. That ([*insert alleged violation of public policy, e.g., "*[*name of plaintiff*]*'s refusal to engage in price fixing*"]) Ms. Brinker disclosed information about conduct that she reasonably believed to be a violation of law or regulation to a supervisor with authority to investigate or that Ms. Brinker's disclosure of information regarding Axos' violation of laws or regulations was a substantial motivating reason for ([*name of plaintiff*]'s) Ms. Brinker's discharge;

4. That ([*name of plaintiff*]) Ms. Brinker was harmed; and

5. That the discharge was a substantial factor in causing ([*name of plaintiff*]) Ms. Brinker harm.

---

[13] Judicial Council of California Civil Jury Instructions (2026), CACI No. 2430.

## 15. **AXOS' INSTRUCTION: WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY—ESSENTIAL FACTUAL ELEMENTS**[14]

([*Name of plaintiff*]) Ms. Brinker claims ([he/) she (/*nonbinary pronoun*]) was discharged from employment for reasons that violate a public policy. It is a violation of public policy ([*specify claim in case, e.g., to discharge someone from employment for refusing to engage in price fixing*]) to discharge an employee in violation of SOX or in violation of California Labor Code section 1102.5. To establish this claim, ([*name of plaintiff*]) Ms. Brinker must prove all of the following:

1. That ([*name of plaintiff*]) Ms. Brinker was employed by ([*name of defendant*]) Axos;

2. That ([*name of defendant*]) Axos discharged ([*name of plaintiff*]) Ms. Brinker;

3. That ([*insert alleged violation of public policy, e.g., "*[*name of plaintiff*]*'s refusal to engage in price fixing*"]) a violation of SOX or California Labor Code section 1102.5 was a substantial motivating reason for ([*name of plaintiff*]'s) Ms. Brinker's discharge;

4. That ([*name of plaintiff*]) Ms. Brinker was harmed; and

5. That the discharge was a substantial factor in causing ([*name of plaintiff*]) Ms. Brinker harm.

---

[14] Judicial Council of California Civil Jury Instructions (2026), CACI No. 2430.

## INSTRUCTIONS REGARDING AXOS' AFFIRMATIVE DEFENSES TO MS. BRINKER'S CLAIMS

**16. BRINKER SPECIAL INSTRUCTION: SOX AFFIRMATIVE DEFENSE – SAME DECISION (49 U.S.C. § 42121)**

If Ms. Brinker proves that her disclosure of information related to an unlawful act was a contributing factor to her discharge and/or restriction of access to the Archer database, and/or Axos' decision to bring retaliatory litigation against her, Axos is not liable if it proves by clear and convincing evidence that it would have discharged Ms. Brinker and/or restricted her access to the Archer database and/or brought retaliatory litigation anyway at that time for legitimate, independent reasons.

## 17. BRINKER'S INSTRUCTION: AFFIRMATIVE DEFENSE - SAME DECISION (Lab. Code § 1102.6)[15]

If Ms. Brinker ([*name of plaintiff*]) proves that ([his/) her (/*nonbinary pronoun*] [) disclosure of information of (/refusal to participate in]) an alleged (an) unlawful act was a contributing factor to ([his(/) her (/*nonbinary pronoun*]) ([)discharge (/[*other adverse employment action*]]), Axos ([*name of defendant*]) is not liable if ([he/she/*nonbinary pronoun*/) it (]) proves by clear and convincing evidence that ([he/she/*nonbinary pronoun*/) it (]) would have ([)discharged(/[*other adverse employment action*]]) Ms. Brinker ([*name of plaintiff*]) anyway at that time for legitimate, independent reasons.

---

[15] Judicial Council of California Civil Jury Instructions (2026), CACI No. 4604; Cal. Lab. Code § 1102.6; Judicial Council of California Civil Jury Instructions (2026), CACI No. 4604; *see Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 1004 (9th Cir. 2009).

**18. AXOS SPECIAL INSTRUCTION - SAME ACTION/SAME DECISION DEFENSE (Applicable to Ms. Brinker's Retaliation claims)[16]**

If Ms. Brinker has proven all of the elements of any of her retaliation claims, then the burden shifts to Axos to prove, by clear and convincing evidence, that it would have taken the same unfavorable personnel action at that time for legitimate, independent reasons, even if Ms. Brinker had not engaged in the protected activity. This requires Axos to show that it would have taken the same unfavorable personnel action against an employee otherwise identical to Ms. Brinker who had not engaged in protected activity. If you find that Axos would have taken the same unfavorable personnel action against such a hypothetical employee, you must find for Axos on these three claims.

---

[16] 18 U.S.C. §1514A(b)(2)(C)(SOX directs district courts to apply the "legal burdens of proof set forth in section 42121(b) of title 49, United States Code."); 49 U.S.C. § 42121(b)(2)(B)(iv)("Relief may not be ordered . . . if the employer demonstrates by clear and convincing evidence that the employer would have taken the same unfavorable personnel action in the absence of [protected activity]"); *Murray v. UBS Securities, LLC*, 601 U.S. 23, 36-41 (2024); *Magnuson v. Exelon Gen. Co., LLC*, No. 2024 U.S. Dist. LEXIS 175631, at *75-76 (C.D. Ill. Sept. 27, 2024)(applying *Murray* to frame the employer's same-action affirmative defense inquiry under SOX as turning on "whether the employer would have 'retain[ed] an otherwise identical employee' who had not engaged in the protected activity."); Cal. Lab. Code § 1102.6; *Lawson v. PPG Architectural Finishes, Inc.*, 12 Cal. 5th 703, 712 (2022) (holding Section 1102.6's burden-shifting framework applies to Section 1102.5 causes of action); *Marlo v. UPS*, 890 F. Supp. 2d 1243, 1245 (C.D. Cal. 2012) (same-action defense applies to claims for wrongful termination in violation of public policy under California law); *Grant-Burton v. Covenant Care, Inc.,*122 Cal. Rptr. 2d 204, 219 (2002) (outlining a similar burden-shifting framework for wrongful termination in violation of public policy claims).

## INSTRUCTIONS REGARDING MS. BRINKER'S DAMAGES

**19. BRINKER'S INSTRUCTION ITEMS OF ECONOMIC DAMAGE**[17]

The following are the specific items of economic damages claimed by Ms. Brinker ([*name of plaintiff*]:

[*Insert applicable instructions on items of economic damage*.]

[*Insert number, e.g.*, "*3*."]) 1. ([)Past(] [)and(] [)future(]) lost earnings.[18]

If you find that ([*name of defendant*] [constructively])Axos discharged ([*name of plaintiff*])Ms. Brinker in violation of SOX, California Labor Code section 1102.5, or in violation of public policy ([*specify, e.g., public policy and the Fair Employment and Housing Act*]), then you must decide the amount of past and future lost earnings that ([*name of plaintiff*])Ms. Brinker has proven ([he/) she (/*nonbinary pronoun*]) is entitled to recover, if any. To make that decision, you must:

1. Decide the amount that ([*name of plaintiff*])Ms. Brinker would have earned up to today, including any benefits and pay increases; and

2. Add the present cash value of any future wages and benefits that ([he/) she (/*nonbinary pronoun*]) would have earned for the length of time the employment with ([*name of defendant*])Axos was reasonably certain to continue.

In determining the period that ([*name of plaintiff*])Ms. Brinker's employment was reasonably certain to have continued, you should consider such things as:

(a) ([*Name of plaintiff*])Ms. Brinker's age, work performance, and intent regarding continuing employment with ([*name of defendant*])Axos;

(b) ([*Name of defendant*]'s)Axos' prospects for continuing the operations involving ([*name of plaintiff*])Ms. Brinker; and

(c) Any other factor that bears on how long ([*name of plaintiff*])Ms. Brinker would have continued to work.

---

[17] Judicial Council of California Civil Jury Instructions (2026), CACI No. 3903.

[18] Judicial Council of California Civil Jury Instructions (2026), CACI No. 3903P.

**20. AXOS' INSTRUCTION: DUTY TO MITIGATE DAMAGES FOR PAST LOST EARNINGS**[19]

([*Name of plaintiff*])Ms. Brinker is not entitled to recover damages for economic losses that ([*name of defendant*])Axos proves ([*name of plaintiff*])Ms. Brinker could have avoided by returning to gainful employment as soon as it was reasonable for ([him/) her (/*nonbinary pronoun*]) to do so.

To calculate the amount of damages you must:

1. Determine the amount [*name of plaintiff*]Ms. Brinker would have earned from the job ([he/) she (/*nonbinary pronoun*]) held at the time ([he/) she/ (*nonbinary pronoun*]) was injured; and

2. Subtract the amount [*name of plaintiff*]Ms. Brinker earned or could have earned by returning to gainful employment.

The resulting amount is ([*name of plaintiff*])Ms. Brinker's damages for past lost earnings.

---

[19] Judicial Council of California Civil Jury Instructions (2026), CACI No. 3961.

## 21. AXOS' INSTRUCTION: DUTY TO MITIGATE DAMAGES FOR FUTURE LOST EARNINGS[20]

([*Name of plaintiff*])Ms. Brinker is not entitled to recover damages for future economic losses that ([*name of defendant*])Axos proves ([*name of plaintiff*])Ms. Brinker will be able to avoid by returning to gainful employment as soon as it is reasonable for ([him/) her (/*nonbinary pronoun*]) to do so.

If you decide that ([*name of plaintiff*])Ms. Brinker will be able to return to work, then you must not award ([him/) her (/*nonbinary pronoun*]) any damages for the amount ([he/) she (/*nonbinary pronoun*]) will be able to earn from future gainful employment. To calculate the amount of damages you must:

1. Determine the amount ([*name of plaintiff*])Ms. Brinker would have earned from the job ([he/) she (/*nonbinary pronoun*]) held at the time ([he/) she (/*nonbinary pronoun*]) was injured; and

2. Subtract the amount ([*name of plaintiff*])Ms. Brinker is reasonably able to earn from alternate employment.

The resulting amount is ([*name of plaintiff*])Ms. Brinker's damages for future lost earnings.

Ms. Brinker must make every reasonable effort to minimize or reduce her damages for loss of income by seeking other employment or income for her services.

If you determine Ms. Brinker is entitled to lost compensation, you must reduce the amount of damages that Ms. Brinker has sustained by (1) what Ms. Brinker earned; or (2) what Ms. Brinker could have earned by reasonable effort following the end of her employment at Axos. Axos has the burden of proving by a preponderance of the evidence that a reduction should be made and the amount by which the award should be reduced.

---

[20] Judicial Council of California Civil Jury Instructions (2026), CACI No. 3962.

You must decide whether Ms. Brinker acted reasonably in not seeking or accepting a particular job. You must not compensate Ms. Brinker for any portion of her loss of compensation resulting from her failure to make reasonable efforts to reduce her loss of compensation.

**22. BRINKER'S INSTRUCTION: AFFIRMATIVE DEFENSE – EMPLOYEE'S DUTY TO MITIGATE**[21]

([*Name of defendant*])Axos claims that if ([*name of plaintiff*])Ms. Brinker is entitled to any damages, they should be reduced by the amount that ([*name of plaintiff*])Ms. Brinker could have earned from other employment. To succeed, ([*name of defendant*])Axos must prove all of the following:

1. That employment substantially similar to ([*name of plaintiff*]'s)Ms. Brinker's former job was available to ([*him/*)her*(/nonbinary pronoun)*];

2. That ([*name of plaintiff*])Ms. Brinker failed to make reasonable efforts to seek ([)and retain(]) this employment; and

3. The amount that ([*name of plaintiff*])Ms. Brinker could have earned from this employment.

In deciding whether the employment was substantially similar, you should consider, among other factors, whether:

(a) The nature of the work was different from ([*name of plaintiff*]'s)Ms. Brinker's employment with ([*name of defendant*])Axos;

(b) The new position was substantially inferior to ([*name of plaintiff*]'s)Ms. Brinker's former position;

(c) The salary, benefits, and hours of the job were similar to ([*name of plaintiff*]'s)Ms. Brinker's former job;

(d) The new position required similar skills, background, and experience;

(e) The job responsibilities were similar; ([)and(])

(f) The job was in the same locality.(; [and]

(g) [insert other relevant factor(s)].)

([)In deciding whether ([*name of plaintiff*])Ms. Brinker failed to make reasonable efforts to retain comparable employment, you should consider whether

[21] Judicial Council of California Civil Jury Instructions (2026), CACI No. 3963.

([*name of plaintiff*])Ms. Brinker quit or was discharged from that employment for a reason within ([his/)her(/*nonbinary pronoun*]) control.]]

**INSTRUCTIONS REGARDING AXOS' CLAIMS AGAINST MS. BRINKER**

**23. AXOS' INSTRUCTION: CONVERSION – ESSENTIAL FACTUAL ELEMENTS** [22]

([*Name of plaintiff*]) Axos claims that ([*name of defendant*]) Ms. Brinker wrongfully exercised control over ([his/her/*nonbinary pronoun*/) its ([] personal) property. To establish this claim, ([*name of plaintiff*]) Axos must prove all of the following:

1. That ([*name of plaintiff*) Axos (])([) owned, possessed, orhad a right to possess [a/an] [*insert item of personal property*]) the non-public personal information of Axos' customers;

2. That ([*name of defendant*]) Ms. Brinker substantially interfered with ([*name of plaintiff*]) Axos' property by knowingly or intentionally taking and retaining possession of this non-public personal information; ([*insert one or more of the following:*])

([taking possession of the [*insert item of personal property*];] [or]

[preventing [*name of plaintiff*] from having access to the [*insert item of personal property*];] [or]

[destroying the [*insert item of personal property*];] [or]

[refusing to return the [*insert item of personal property*] after [*name of plaintiff*] demanded its return.])

3. That Axos ([*name of plaintiff*]) did not consent;

4. That Axos ([*name of plaintiff*]) was harmed; and

5. That Ms. Brinker's ([*name of defendant*])'s conduct was a substantial factor in causing ([*name of plaintiff*]) Axos harm.

---

[22] Judicial Council of California Civil Jury Instructions (2026), CACI No. 2100.

**24. AXOS SPECIAL INSTRUCTION 2: VIOLATION OF CALIFORNIA PENAL CODE § 496 (OBTAINING STOLEN PROPERTY)**[23]

Axos claims that Ms. Brinker violated California Penal Code section 496. To establish this claim, Axos must prove all of the following:

1. That Ms. Brinker received, concealed, or withheld from Axos property that had been obtained in a manner constituting theft by larceny or theft by embezzlement;

2. That when Ms. Brinker received, concealed, or withheld the property, Ms. Brinker knew that the property had been stolen in a manner constituting theft by larceny or theft by embezzlement; and

3. That Ms. Brinker s conduct was a substantial factor in causing actual damages to Axos.

---

[23] *See* CALCRIM No. 1750; Cal. Pen. Code § 496; *Bell v. Feibush* (2013) 212 Cal.App.4th 1041, 1047.

## 25. AXOS SPECIAL INSTRUCTION 3: "THEFT BY LARCENY" (CALIFORNIA PENAL CODE § 496)[24]

To establish that Ms. Brinker committed theft by larceny, Axos must prove the following:

1. Ms. Brinker took possession of Axos' confidential information without Axos' consent;

2. When Ms. Brinker took Axos' confidential information, she intended to

   a. deprive Axos of its confidential information permanently; or

   b. remove Axos' confidential information from its possession for so extended a period of time that Axos would be deprived of a major portion of the value or enjoyment of the confidential information; and

3. Ms. Brinker moved Axos' confidential information, and kept it for any period of time, however brief.

---

[24] Cal. Pen. Code § 484(a); CALCRIM 1800.

**26. BRINKER SPECIAL INSTRUCTION 3: LARCENY[25]**

To show that Ms. Brinker knew that Axos' property had been stolen in a manner constituting theft by larceny, Axos must show that Ms. Brinker knew each of the following at the time she took possession of, or withheld, Axos' property:

1. That Ms. Brinker took possession of property owned by someone else;
2. That Ms. Brinker took the property without the owner's consent;
3. That when Ms. Brinker took the property, she intended to deprive the owner of it permanently or to remove it from the owner's possession for so extended a period of time that the owner would be deprived of a major portion of the value or enjoyment of the property; and
4. That Ms. Brinker moved the property, even a small distance, and kept it for any period of time, however brief.

A good faith belief in acting with authorization to use the property is a defense. In deciding whether the defendant believed that she had a right to use the property and whether she held that belief in good faith, consider all the facts known to her at the time she obtained the property, along with all the other evidence in the case. The defendant may hold a belief in good faith even if the belief is mistaken or unreasonable. But if the defendant was aware of facts that made that belief completely unreasonable, you may conclude that the belief was not held in good faith.

---

[25] *See* CALCRIM No. 1800; *Garrabrants v. Erhart*, 98 Cal. App. 5th 486, 504 (2023).

**27. AXOS' INSTRUCTION: "THEFT BY EMBEZZLEMENT" (CALIFORNIA PENAL CODE § 496)[26]**

To show that Ms. Brinker knew that Axos' property had been stolen in a manner constituting theft by embezzlement, Axos must show:

1. That Axos entrusted its confidential information to Ms. Brinker;

2. That Axos did so because it trusted Ms. Brinker;

3. That Ms. Brinker fraudulently converted Axos' confidential information for her own benefit; and

4. That when Ms. Brinker converted Axos' confidential information, she intended to deprive Axos of its use.

A person acts *fraudulently* when she takes undue advantage of another person or causes a loss to that person by breaching a duty, trust, or confidence.

A good faith belief in acting with authorization to use the property is a defense. In deciding whether Ms. Brinker believed that she had a right to the property and whether she held that belief in good faith, consider all the facts known to her at the time she obtained the property, along with all the other evidence in the case. Ms. Brinker may hold a belief in good faith even if the belief is mistaken or unreasonable. But if Ms. Brinker was aware of facts that made that belief completely unreasonable, you may conclude that the belief was not held in good faith.

An intent to deprive the owner of property, even temporarily, is enough. Intent to restore the property to its owner is not a defense.

---

[26] *See* Cal. Pen. Code § 484(a); CALCRIM No. 1806.

**28. AXOS' INSTRUCTION: COMPREHENSIVE COMPUTER DATA AND ACCESS FRAUD ACT – ESSENTIAL FACTUAL ELEMENTS (CALIFORNIA PENAL CODE § 502)**[27]

([*Name of plaintiff*]) Axos claims that ([*name of defendant*]) Ms. Brinker has violated (the Comprehensive Computer Data and Access Fraud Act) California Penal Code section 502. To establish this claim, ([*name of plaintiff*]) Axos must prove all of the following:

1. That ([*name of plaintiff*])Axos is the ([) owner (/lessee]) of (the [*specify computer, computer system, computer network, computer program, and/or data*]) a computer, computer system, computer network, computer program, or data;

2. That ([*name of defendant*]) Ms. Brinker knowingly ([*specify one or more prohibited acts from Pen. Code, § 502(c), e.g., accessed [name of plaintiff]'s data on a computer, computer system, or computer network*]) accessed the Axos computer, computer system, computer program, computer network, or data;

3. That ([*name of defendant*]'s) Ms. Brinker's ([*specify conduct from Pen. Code, § 502(c), e.g., use of the computer services*]) taking, copying, and/or otherwise using Axos' data was without [*name of plaintiff*]'s) Axos' permission ; ([])

4. That ([*name of plaintiff*]) Axos was harmed; and

5. That ([*name of defendant*])Ms. Brinker's conduct was a substantial factor in causing injury to ([*name of plaintiff*]) Axos.

Ms. Brinker cannot be held liable for any acts committed within the scope of her lawful employment. A person acts within the scope of employment when the person performs acts which are reasonably necessary to the performance of her work assignments. An employer's disapproval of an employee's conduct does not mean the employee was acting outside the scope of employment.

---

[27] Judicial Council of California Civil Jury Instructions (2026), CACI No. 1812; Cal. Pen. Code § 502.

## **29. BRINKER'S INSTRUCTION: COMPREHENSIVE COMPUTER DATA AND ACCESS FRAUD ACT – ESSENTIAL FACTUAL ELEMENTS (CALIFORNIA PENAL CODE § 502)**[28]

([*Name of plaintiff*]) Axos claims that ([*name of defendant*]) Ms. Brinker has violated (the Comprehensive Computer Data and Access Fraud Act) California Penal Code section 502. To establish this claim, ([*name of plaintiff*]) Axos must prove all of the following:

1. That ([*name of plaintiff*])Axos is the ([) owner (/lessee]) of Data that is saved on ([*specify computer, computer system, computer network, computer program, and/or data*]) a computer, computer system, computer network, computer program, or data;

2. That ([*name of defendant*]) Ms. Brinker knowingly ([*specify one or more prohibited acts from Pen. Code, § 502(c), e.g., accessed [name of plaintiff]'s data on a computer, computer system, or computer network*]) accessed and took,

---

[28] Judicial Council of California Civil Jury Instructions (2026), CACI No. 1812; Cal. Penal Code § 502 (West); *Briskin v. Shopify Inc.*, No. 21-CV-06269-PJH, 2026 WL 161441, at *6 (N.D. Cal. Jan. 21, 2026) ("Shopify argues that the terms 'knowingly' and 'without permission' require an intent to access without consent."); *Chrisman v. City of Los Angeles*, 155 Cal. App. 4th 29, 36, 65 Cal. Rptr. 3d 701, 706 (2007) ("[S]howing that an employee violated an employer's rules does not determine whether the employee acted within the scope of employment."); *In re C.C.*, No. C087924, 2022 WL 3714369, at *7 (Cal. Ct. App. Aug. 26, 2022) ("Here, C.C. merely exceeded the scope of his permission, i.e. misused a computer that he was permitted to use to access and educational site, by accessing various websites through Google searches."); *Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 131 (N.D. Cal. 2020) ("[A] CCCL claim cannot be based simply on the method by which a defendant accesses a computer if the defendant otherwise has authorization to access the computer."); *Oracle USA, Inc. v. Rimini St., Inc.*, 879 F.3d 948, 962 (9th Cir. 2018), *rev'd in part on other grounds,* 586 U.S. 334 (2019) ("We hold that taking data using a *method* prohibited by the applicable terms of use, when the taking itself generally is permitted, does not violate the CDAFA.") (emphasis in original).

copied, or made use of Data from Axos' computer, computer system, computer program, computer network;

3. That ([*name of defendant*]'s) Ms. Brinker's ([*specify conduct from Pen. Code, § 502(c), e.g., use of the computer services*]) accessing and taking, copying, or making use of Data from Axos' computer, computer system, computer program, or computer network was without ([*name of plaintiff*]'s) Axos' permission at the time that she accessed Axos' computer system and took, copied, or made use of Data from those systems;

4. That Ms. Brinker knew that her accessing and taking, copying, or making use of data from Axos' computer, computer system, computer program, or computer network was without Axos' permission at the time she took those acts;

5. The Ms. Brinker was acting outside the scope of her employment at the time she accessed Axos' computer systems and took, copied, or made use of data from those systems;

6. That ([*name of plaintiff*]) Axos was harmed; and

7. That ([*name of defendant*])Ms. Brinker's conduct was a substantial factor in causing injury to ([*name of plaintiff*]) Axos.

Ms. Brinker cannot be held liable for violation of California Penal Code section 502 for any acts committed within the scope of her lawful employment. A person acts within the scope of employment when the person performs acts which are reasonably necessary to the performance of her work assignments at the time the acts were performed. The fact that an employee violated employer rules about how or why she could access information does not mean that she acted outside the scope of her employment so long as she was authorized to access the information as part of her employment.

## 30. BRINKER SPECIAL INSTRUCTION 4: DEFINITION OF "WITHOUT PERMISSION"[29]

Where a person has permission to copy, take, or make use of data located on a computer system, the person does not act "without permission" for purposes of Penal Code Section 502 where the method or means of copying, taking, or using the data is not allowed by agreements between the person and the owner of the data.

---

[29] *Bui-Ford v. Tesla, Inc.*, No. 4:23-CV-02321, 2024 WL 694485, at *5 (N.D. Cal. Feb. 20, 2024) ("Liability under Section 502(c) turns on an analysis of the specific "acts" that are alleged to constitute an offense and whether there was "permission" to engage in those acts."); *Rodriguez v. Google LLC*, 772 F. Supp. 3d 1093, 1107 (N.D. Cal. 2025) ("When evaluating whether a party revoked permission in the context of CDAFA or CFAA, courts focus on the perspective of the defendant at the time they used the data."); *Facebook, Inc. v. Power Ventures, Inc.*, 844 F.3d 1058, 1066–69 (9th Cir. 2016) ("Accordingly, "the phrase 'exceeds authorized access' in the CFAA does not extend to violations of use restrictions . . . . the analysis under [CDAFA] is similar in the present case. Because Power had implied authorization to access Facebook's computers, it did not, at first, violate the statute.").

**INSTRUCTIONS REGARDING MS. BRINKER'S AFFIRMATIVE DEFENSES TO AXOS' CLAIMS**

## 31. BRINKER SPECIAL INSTRUCTION 5: AFFIRMATIVE DEFENSE – LITIGATION PRIVILEGE[30]

Ms. Brinker cannot be liable for Breach of Contract, Conversion, Breach of the Duty of Loyalty, or Negligence on the basis of communications that she made to attorneys in connection with anticipated litigation against Axos or on the basis of communications to any government agency.

---

[30] "The litigation privilege "applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *Mission Beverage Co. v. Pabst Brewing Co., LLC*, 15 Cal. App. 5th 686, 709 (2017). "The privilege immunizes a defendant from liability for all claims (other than malicious prosecution) based on privileged communications, including breach of contract claims" *Id.*

## 32. BRINKER SPECIAL INSTRUCTION 6: AFFIRMATIVE DEFENSE – WAIVER[31]

Ms. Brinker contends as a defense against all of Axos' claims against her that Axos waived its rights with respect to the documents that she emailed to herself and the documents that were contained in the boxes that she took with her after she was terminated. You must find that Axos waived its rights as to those documents if you find that Axos was aware of its rights as to those documents and it engaged in conduct that was so inconsistent with the intent to enforce the right in question as to induce a reasonable belief that it has been relinquished.

---

[31] "To constitute a waiver, it is essential that there be an existing right, benefit, or advantage, a knowledge, actual or constructive, of its existence, and an actual intention to relinquish it or conduct so inconsistent with the intent to enforce the right in question as to induce a reasonable belief that it has been relinquished." *Luis v. Metro. Life Ins. Co.*, 142 F. Supp. 3d 873, 879 (N.D. Cal. 2015).

**33. BRINKER SPECIAL INSTRUCTION 7: AFFIRMATIVE DEFENSE – UNCLEAN HANDS**[32]

Ms. Brinker contends as a defense that Axos's claims against her are barred by its own misconduct. Ms. Brinker has the burden of proving the conduct, while Axos has the burden of proving that its conduct was not unconscientious. That means that Ms. Brinker must prove that Axos engaged or tried to engage in certain conduct connected with the controversy between them and that Axos must prove that the conduct was no unconscientious. If it does not, then its claims are barred.

Unconscientious conduct is conduct that is condemned and pronounced wrongful by honest and fairminded people, and includes conduct that violates conscience, or good faith, or other equitable standards of conduct. Conduct is connected with the controversy if it relates directly to the subject matter involved in the dispute.

---

[32] *Kempf v. Barrett Bus. Servs., Inc.*, 336 F. App'x 658, 661 (9th Cir. 2009) ("[T]he district court correctly stated that unclean hands is applicable in a breach of contract action under California law."); *Padideh v. Moradi*, 89 Cal. App. 5th 418, 426 (2023) ("[A] plaintiff's actions giving rise to the unclean-hands defense need not be a crime or an actionable tort. Any conduct that violates conscience, or good faith, or other equitable standards of conduct is sufficient cause to invoke the doctrine. As to the third prong—the relationship of the conduct to the claimed injuries—the unclean-hands conduct need not relate directly to the malicious-prosecution defendant's decision to file and pursue the prior litigation. But it must relate directly to the transaction concerning which the complaint is made. It must infect the cause of action involved and affect the equitable relations between the litigants.") (cleaned up).

## 32. **BRINKER SPECIAL INSTRUCTION 8: AFFIRMATIVE DEFENSE – WHISTLEBLOWING ACTIVITY**[33]

Ms. Brinker contends that all of Axos claims are barred because she was justified in taking and retaining Axos' documents because taking and retaining the documents substantially furthered her whistleblowing activity.

If Ms. Brinker proves that her conduct was justified, then you must find for her unless Axos proves that there was a practical, effective, and less invasive method of achieving Ms. Brinker's purpose.

[33] Judicial Council of California Civil Jury Instructions (2026), CACI 1807; *Garrabrants v. Erhart*, 98 Cal. App. 5th 486, 498 (2023).

**CONCLUDING INSTRUCTIONS**

**33. AXOS' INSTRUCTION: ADDITIONAL INSTRUCTIONS OF LAW[34]**

[To be given only if the Court determines to give an instruction to the jury while it is deliberating. Unless the additional instruction is by consent of both parties, both sides should be given an opportunity to take exception or object to it.]

At this point I will give you an additional instruction. By giving an additional instruction at this time, I do not mean to emphasize this instruction over any other instruction.

You are not to attach undue importance to the fact that this instruction was read separately to you. You must consider this instruction together with all of the other instructions that were given to you.

[*Insert text of new instruction*.]

You will now retire to the jury room and continue your deliberations.

---

[34] Ninth Circuit Manual of Model Jury Instructions, 3.6 (2025) (*Last Updated Mar. 2026*).

**34. AXOS' INSTRUCTION: DEADLOCKED JURY[35]**

[To be given only if the jury advises the Court that it is deadlocked and the Court determines to encourage the jury to overcome the deadlock and reach a verdict.]

Members of the jury, you have advised that you have been unable to agree upon a verdict in this case. I have decided to suggest a few thoughts to you.

As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict if each of you can do so without violating your individual judgment and conscience. Each of you must decide the case for yourself, but only after you consider the evidence impartially with the other jurors. During your deliberations, you should not be unwilling to reexamine your own views and change your opinion if you become persuaded that it is wrong. However, you should not change an honest belief as to the weight or effect of the evidence solely because of the opinions of the other jurors or for the mere purpose of returning a verdict.

All of you are equally honest and conscientious jurors who have heard the same evidence. All of you share an equal desire to arrive at a verdict. Each of you should ask yourself whether you should question the correctness of your present position.

I remind you that in your deliberations you are to consider the instructions I have given you as a whole. You should not single out any part of any instruction, including this one, and ignore others. They are all equally important.

You may now return to the jury room and continue your deliberations.

---

[35] Ninth Circuit Manual of Model Jury Instructions, 3.7 (2025) (*Last Updated Mar. 2026*).

**35. <u>AXOS' INSTRUCTION: CONTINUING DELIBERATIONS AFTER JUROR IS DISCHARGED</u>**[36]

[To be given only if a juror is excused or dismissed.]

[One] [some] of your fellow jurors [has] [have] been excused from service and will not participate further in your deliberations. You should not speculate about the reason the [juror is] [jurors are] no longer present.

You should continue your deliberations with the remaining jurors. Do not consider the opinions of the excused [juror] [jurors] as you continue deliberating. All the previous instructions given to you still apply, including the requirement that all the remaining jurors unanimously agree on a verdict.

---

[36] Ninth Circuit Manual of Model Jury Instructions, 3.8 (2025) (*Last Updated Mar. 2026*).