UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER BREAR BRINKER,<br>Plaintiff,<br>v.<br>AXOS BANK,<br>Defendant. | Case No.: 3:22-cv-00386-BJC-DDL<br>**ATTACHMENT K AXOS BANK'S PROPOSED VERDICT FORMS**<br>Hon. Benjamin J. Cheeks<br>Schwartz Courthouse, Courtroom 3A<br>Magistrate Judge David D. Leshner<br>Action Filed: March 21, 2022 |
| AXOS BANK, a federal savings bank<br>Counterclaimant,<br>v.<br>JENNIFER BREAR BRINKER an individual; and DOES 1-25, inclusive,<br>Counterclaim Defendants | |

We, the jury in the above-entitled action, find the following verdict on the questions submitted to us:

**JENNIFER BREAR BRINKER'S CLAIMS AGAINST AXOS**

**VERDICT FORM 1: SARBANES-OXLEY RETALIATION**

1. Did Ms. Brinker prove that she engaged in "protected activity" as defined in Jury Instruction No. __?

If your answer to Question No. 1 is "Yes," proceed to Question No. 2. If your answer to Question No. 1 is "No," proceed to Question No. 7.

2. Did Ms. Brinker prove that Axos knew or suspected that she engaged in the "protected activity"?

Answer: _____ Yes ______ No

If your answer to Question No. 2 is "Yes," proceed to Question No. 3. If your answer to Question No. 2 is "No," proceed to Question No. 7.

3. Did Ms. Brinker prove that Axos subjected her to an unfavorable personnel action because of her "protected activity"?

Answer: _____ Yes ______ No

If your answer to Question No. 3 is "Yes," proceed to Question No. 4. If your answer to Question No. 3 is "No," proceed to Question No. 7.

4. Please identify all unfavorable personnel action(s) that Ms. Brinker proved Axos subjected her to because of her "protected activity."

| | |
|---|---|
| *Archer Restriction* | ________________ |
| *Termination* | ________________ |
| *Axos' Filing of Arbitration and Counterclaims* | ________________ |

Proceed to Question 5.

5. Did Ms. Brinker prove that she suffered harm as a result of the unfavorable personnel action(s) checked above?

Answer: _____ Yes ______ No

If your answer to Question No. 5 is "Yes," proceed to Question No. 6. If your answer to Question No. 5 is "No," proceed to Question No. 7.

6. Did Axos prove by clear and convincing evidence that, at the time of the unfavorable personnel action(s) checked above, it would have taken the same personnel action(s) against an otherwise identical employee who had not engaged in "protected activity"?

Answer: _____ Yes ______ No

Proceed to Question No. 7.

**VERDICT FORM 2: CALIFORNIA LABOR CODE SECTION 1102.5**

7. Did Ms. Brinker prove that she engaged in "protected activity" as defined in Jury Instruction No. __?

Answer: _____ Yes ______ No

If your answer to Question No. 7 is "Yes," proceed to Question No. 8. If your answer to Question No. 7 is "No," proceed to Question No. 13.

8. Did Ms. Brinker have reasonable cause to believe that the information disclosed a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation?

Answer: _____ Yes ______ No

If your answer to Question No. 8 is "Yes," proceed to Question No. 9. If your answer to Question No. 8 is "No," proceed to Question No. 13.

9. Did Ms. Brinker prove that her disclosure of information was a contributing factor in Axos' decision to discharge her?

Answer: _____ Yes ______ No

If your answer to Question No. 9 is "Yes," proceed to Question No. 10. If your answer to Question No. 9 is "No," proceed to Question No. 13.

10. Did Ms. Brinker prove that Axos' conduct was a substantial factor in causing her harm?

Answer: _____ Yes _______ No

If your answer to Question No. 10 is "Yes," proceed to Question No. 11. If your answer to Question No. 10 is "No," proceed to Question No. 13.

11. Did Axos prove by clear and convincing evidence that, at the time it discharged Ms. Brinker, it would have discharged an otherwise identical employee who had not engaged in "protected activity"?

Answer: _____ Yes _______ No

If your answer to Question No. 11 is "Yes," proceed to Question No. 13. If your answer to Question No. 11 is "No," proceed to Question No. 12.

12. Did Ms. Brinker prove by clear and convincing evidence that Axos' termination of her employment was oppressive, fraudulent, or malicious?

Answer: _____ Yes _______ No

Proceed to Question No. 13.

## VERDICT FORM 3: WRONGFUL TERMINATION IN VIOLATION OF CALIFORNIA PUBLIC POLICY

Answer the questions in Verdict Form 3 ***only if*** you found in favor of Ms. Brinker in connection with one or more of the previous two Verdict Forms. If you did not find in favor of Ms. Brinker in connection with one or more of the previous two Verdict Forms, proceed to Verdict Form 5 (Question No. 18).

13. Did Ms. Brinker prove that a violation of the Sarbanes-Oxley Act of 2022 or of California Labor Code Section 1102.5 was a substantial motivating reason for Axos' decision to discharge her?

Answer: _____ Yes ______ No

If your answer to Question No. 13 is "Yes," proceed to Question No. 14. If your answer to Question No. 13 is "No," proceed to Question No. 17.

14. Was the discharge a substantial factor in causing Ms. Brinker harm?

Answer: _____ Yes ______ No

If your answer to Question No. 14 is "Yes," proceed to Question No. 15. If your answer to Question No. 14 is "No," proceed to Question No. 17.

15. Did Axos prove by clear and convincing evidence that, at the time it made the decision to discharge Ms. Brinker, it would have discharged an otherwise identical employee who had not engaged in "protected activity"?

Answer: _____ Yes ______ No

If your answer to Question No. 15 is "Yes," proceed to Question No. 17. If your answer to Question No. 15 is "No," proceed to Question No. 16.

16. Did Ms. Brinker prove by clear and convincing evidence that Axos' conduct was oppressive, fraudulent, or malicious?

Answer: _____ Yes _______ No

Proceed to Question No. 17.

**<u>VERDICT FORM 4: RETALIATION/WRONGFUL TERMINATION DAMAGES</u>**

Answer the Questions in this Verdict Form 4 *only if* you answered "Yes" to any of Question Nos. 5, 10, or 14 *and* answered "No" to each of Question Nos. 6, 11, and 15. If you answered "No" to each of Question Nos. 5, 10, and 14, or if you answered "Yes" to all of Question Nos. 6, 11, and 15, stop here and proceed to Verdict Form 5 (Question No. 18).

- In this Verdict Form, you may only award damages for the claims in Verdict Forms 1, 2, and/or 3.
- You should not include in your award of damages the amount of damages Ms. Brinker could have reasonably avoided through reasonable effort to mitigate damages.
- You should not include in your award of damages any damages Ms. Brinker sustained between the adverse employment action and a time when Axos would have caused Ms. Brinker's rightful termination.
- You *cannot* award Ms. Brinker the same damages twice. For example, if Ms. Brinker suffered the same damages under her Sarbanes-Oxley Act of 2022 and California Labor Code Section 1102.5 claims, she can only recover those damages once.

**ECONOMIC DAMAGES**

17. What amount of damages, if any, do you award Ms. Brinker?

a. Lost earnings that Ms. Brinker would have earned up to today:

$________________________

b. Future lost earnings that Ms. Brinker would have earned for the length of time her employment with Axos was reasonably certain to continue:

$___________________________

**NON ECONOMIC DAMAGES**

18. What amount of non-economic damages do you award to Ms. Brinker?

$_______________________

Proceed to Question No. 19.

**VERDICT FORM 5: VIOLATION OF CALIFORNIA EQUAL PAY ACT (LABOR CODE § 1197.5)**

19. Did Ms. Brinker prove that Axos paid her less than the rate it paid to a person of the opposite sex working for Axos?

Answer: _____ Yes ______ No

If your answer to Question No. 19 is "Yes," proceed to Question No. 20. If your answer to Question No. 19 is "No," proceed to Verdict Form 1 on Axos' Claims (Question No. 1).

20. Did Ms. Brinker prove that she was performing substantially the same work as the employee of the opposite sex, considering the overall combination of skill, effort, and responsibility required?

Answer: _____ Yes ______ No

If your answer to Question No. 20 is "Yes," proceed to Question No. 21. If your answer to Question No. 20 is "No," proceed to Verdict Form 1 on Axos' Claims (Question No. 1).

21. Did Ms. Brinker prove that she was working under similar working conditions as the other person?

Answer: _____ Yes ______ No

If your answer to Question No. 21 is "Yes," proceed to Question No. 22. If your answer to Question No. 21 is "No," proceed to Verdict Form 1 on Axos' Claims (Question No. 1).

22. Did Axos prove that the male employee's work experience justified paying Ms. Brinker at a wage rate less than the rate paid to the male employee, in accordance with Jury Instruction No. __?

Answer: _____ Yes _______ No

If your answer to Question No. 22 is "No," proceed to Question No. 23. If your answer to Question No. 22 is "Yes," proceed to Verdict Form 1 on Axos' Claims (Question No. 1).

23. What amount of unpaid wages, if any, do you find Ms. Brinker proved by a preponderance of the evidence that she was underpaid as a result of Axos' violation of the Equal Pay Act, limited to pay periods on or after July 7, 2020?

Answer: _____

Proceed to Verdict Form 1 on Axos' Claims (Question No. 1).

**AXOS' CLAIMS AGAINST JENNIFER BREAR BRINKER**

**VERDICT FORM 1: BREACH OF CONTRACT**

1. Did Axos and Ms. Brinker enter into a contract that precluded Ms. Brinker from using, publishing, or disclosing any confidential information, including information containing the non-public personal information of Axos' employees, business counterparties, and clients, during or after termination of her employment, except as required in the conduct of Axos' business or as authorized in writing by Axos, and to return confidential information after termination of her employment?

Answer: _____ Yes ______ No

If your answer to Question No. 1 is "Yes," proceed to Question No. 2. If your answer to Question No. 1 is "No," proceed to Question No. 8.

2. Did Axos do all, or substantially all, of the significant things that the contract required it to do?

Answer: _____ Yes ______ No

If your answer to Question No. 2 is "Yes," proceed to Question No. 3. If your answer to Question No. 2 is "No," proceed to Question No. 8.

3. Did Ms. Brinker do something that the contract prohibited her from doing?

Answer: _____ Yes ______ No

If your answer to Question No. 3 is "Yes," proceed to Question No. 4. If your answer to Question No. 3 is "No," proceed to Question No. 8.

4. Was Ms. Brinker's breach of contract a substantial factor in causing harm to Axos?

Answer: _____ Yes _______ No

If your answer to Question No. 4 is "Yes," proceed to Question No. 5. If your answer to Question No. 4 is "No," proceed to Question No. 8.

5. Did Ms. Brinker prove she was engaged in "protected activity," as defined in Jury Instruction No. _____?

Answer: _____ Yes _______ No

If your answer to Question No. 5 is "Yes," proceed to Question No. 6. If your answer to Question No. 5 is "No," proceed to Question No. 7.

6. Did Ms. Brinker prove that her obtaining or use of Axos' confidential information was for the purpose of supporting her "protected activity," and was no broader than reasonably necessary to effectuate the "protected activity"?

Answer: _____ Yes _______ No

Proceed to Question No. 7.

7. Did Ms. Brinker prove that Axos waived its right to enforce its contract with her by its past acts or omissions?

Answer: _____ Yes _______ No

Proceed to Question No. 8.

**VERDICT FORM 2: CONVERSION**

8. Did Ms. Brinker substantially interfere with Axos' property by knowingly or intentionally taking and refusing to return the non-public personal information of Axos' customers after Axos demanded its return?

Answer: _____ Yes ______ No

If your answer to Question No. 8 is "Yes," proceed to Question No. 9. If your answer to Question No. 8 is "No," proceed to Question No. 14.

9. Did Axos consent to Ms. Brinker's interference with Axos' property?

Answer: _____ Yes ______ No

If your answer to Question No. 9 is "No," proceed to Question No. 10. If your answer to Question No. 9 is "Yes," proceed to Question No. 14.

10. Was Ms. Brinker's conduct a substantial factor in causing harm to Axos?

Answer: _____ Yes ______ No

If your answer to Question No. 10 is "Yes," proceed to Question No. 11. If your answer to Question No. 10 is "No," proceed to Question No. 14.

11. Did Ms. Brinker prove she was engaged in "protected activity," as defined in Jury Instruction No. _____?

Answer: _____ Yes ______ No

If your answer to Question No. 11 is "Yes," proceed to Question No. 12. If your answer to Question No. 11 is "No," proceed to Question No. 13.

12. Did Ms. Brinker prove that her obtaining or use of the non-public personal information of Axos' customers was for the purpose of supporting her "protected activity," and was no broader than reasonably necessary to effectuate the "protected activity"?

Answer: _____ Yes ______ No

If your answer to Question No. 12 is "Yes," proceed to Question No. 14. If your answer to Question No. 12 is "No," proceed to Question No. 13.

13. Did Axos prove by clear and convincing evidence that Ms. Brinker's conversion was oppressive, fraudulent, or malicious?

Answer: _____ Yes ______ No

Proceed to Question No. 14.

**VERDICT FORM 3: BREACH OF THE DUTY OF UNDIVIDED LOYALTY**

14. Did Ms. Brinker either: (1) wrongfully take, use or distribute Axos' customers' confidential information; and/or (2) access Axos' customers' confidential information which she had no authority to access?

Answer: _____ Yes _______ No

If your answer to Question No. 14 is "Yes," proceed to Question No. 15. If your answer to Question No. 14 is "No," proceed to Question No. 19.

15. Did Axos give Ms. Brinker informed consent to engage in her conduct?

Answer: _____ Yes _______ No

If your answer to Question No. 15 is "No," proceed to Question No. 16. If your answer to Question No. 15 is "Yes," proceed to Question No. 19.

16. Was Ms. Brinker's conduct a substantial factor in causing harm to Axos?

Answer: _____ Yes _______ No

If your answer to Question No. 16 is "Yes," proceed to Question No. 17. If your answer to Question No. 16 is "No," proceed to Question No. 19.

17. Did Ms. Brinker prove that she was engaged in "protected activity," as defined in Jury Instruction No. _____?

Answer: _____ Yes _______ No

If your answer to Question No. 17 is "Yes," proceed to Question No. 18. If your answer to Question No. 17 is "No," proceed to Question No. 19.

18. Did Ms. Brinker prove that her obtaining or use of the non-public personal information of Axos' customers was for the purpose of supporting her "protected activity," and was no broader than reasonably necessary to effectuate the "protected activity"?

Answer: _____ Yes _______ No

Proceed to Question No. 19

# VERDICT FORM 4: NEGLIGENCE

19. Did Axos prove that Ms. Brinker was negligent?

Answer: _____ Yes ______ No

If your answer to Question No. 19 is "Yes," proceed to Question No. 20. If your answer to Question No. 19 is "No," proceed to Question No. 23.

20. Did Axos prove that Ms. Brinker's negligence was a substantial factor in causing harm to Axos?

Answer: _____ Yes ______ No

If your answer to Question No. 20 is "Yes," proceed to Question No. 21. If your answer to Question No. 20 is "No," proceed to Question No. 23.

21. Did Ms. Brinker prove she was engaged in "protected activity," as defined in Jury Instruction No. _____?

Answer: _____ Yes ______ No

If your answer to Question No.21 is "Yes," proceed to Question No. 22. If your answer to Question No. 21 is "No," proceed to Question No. 23.

22. Did Ms. Brinker prove that her negligent conduct was for the purpose of supporting her “protected activity,” and was no broader than reasonably necessary to effectuate the “protected activity”?

Answer: _____ Yes _______ No

Proceed to Question No. 23.

# VERDICT FORM 5: PENAL CODE SECTION 496

23. Did Axos prove that Ms. Brinker knowingly received, concealed, or withheld from its owner property that had been obtained in a manner constituting theft by larceny or theft by embezzlement?

Answer: _____ Yes ______ No

If your answer to Question No. 23 is "Yes," proceed to Question No. 24. If your answer to Question No. 23 is "No," proceed to Question No. 27.

24. Did Axos prove that Ms. Brinker's conduct was a substantial factor in causing harm to Axos?

Answer: _____ Yes ______ No

If your answer to Question No. 24 is "Yes," proceed to Question No. 25. If your answer to Question No. 24 is "No," proceed to Question No. 27.

25. Did Ms. Brinker prove that she was engaged in "protected activity," as defined in Jury Instruction No. _____?

Answer: _____ Yes ______ No

If your answer to Question No. 25 is "Yes," proceed to Question No. 26. If your answer to Question No. 25 is "No," proceed to Question No. 27.

26. Did Ms. Brinker prove that her obtaining or use of Axos' confidential information was for the purpose of supporting her "protected activity," and was no broader than reasonably necessary to effectuate the "protected activity"?

Answer: _____ Yes _______ No

Proceed to Question No. 27.

**VERDICT FORM 6: VIOLATION OF CALIFORNIA PENAL CODE SECTION 502**

27. Did Axos prove that Ms. Brinker knowingly accessed and without permission accessed Axos confidential information from an Axos computer, computer system, or computer network?

Answer: _____ Yes _______ No

If your answer to Question No. 27 is "Yes," proceed to Question No. 28. If your answer to Question No. 27 is "No," proceed to Question No. 33.

28. Did Ms. Brinker prove that Axos gave her permission to access the Axos confidential information from an Axos computer, computer system, or computer network?

Answer: _____ Yes _______ No

If your answer to Question No. 28 is "No," proceed to Question No. 29. If your answer to Question No. 28 is "Yes," proceed to Question No. 33.

29. Was Ms. Brinker's conduct a substantial factor in causing harm to Axos?

Answer: _____ Yes _______ No

If your answer to Question No. 29 is "Yes," proceed to Question No. 30. If your answer to Question No. 29 is "No," proceed to Question No. 33.

30. Did Ms. Brinker prove that she was engaged in a whistleblowing activity, as defined in Jury Instruction No. _____?

Answer: _____ Yes _______ No

If your answer to Question No. 30 is "Yes," proceed to Question No. 31. If your answer to Question No. 30 is "No," proceed to Question No. 32.

31. Did Ms. Brinker prove that her obtaining or use of Axos' confidential information was for the purpose of supporting her "protected activity," and was no broader than reasonably necessary to effectuate the "protected activity"?

Answer: _____ Yes _______ No

If your answer to Question No. 31 is "Yes," proceed to Question No. 33. If your answer to Question No. 31 is "No," proceed to Question No. 32.

32. Did Axos prove by clear and convincing evidence that Ms. Brinker's conversion was oppressive, fraudulent, or malicious?

Answer: _____ Yes _______ No

Proceed to Question No. 33.

# VERDICT FORM 7: DAMAGES

Answer the Questions in this Verdict Form 7 *only if* you found in favor of Axos in connection with one or more of the previous six Verdict Forms (*i.e.*, you answered "Yes" to any of Question Nos. 4, 10, 16, 20, 24, or 29, and answered "No" to or were not required to respond to all of Question Nos. 5, 6, 7, 11, 12, 17, 18, 21, 22, 25, 26, 30, and 31).

- You should not include in your award of damages the amount of damages Axos could have reasonably avoided through reasonable effort to mitigate damages.
- You cannot award Axos the same damages twice. For example, if Axos suffered the same damages under its breach of contract and negligence claims, it can only recover those damages once.

33. What are Axos' damages?

$____________________

After this verdict form has been signed, notify the court officer that you are ready to present your verdicts in the courtroom.

## PHASE TWO VERDICT FORM: PUNITIVE DAMAGES

1. What amount of punitive damages do you award to [add party name]?

Answer: $________