King & Siegel LLP

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **Jennifer Brear Brinker**, an individual<br><br>Plaintiff,<br><br>v.<br><br>**Axos Bank**, a federal savings bank<br><br>Defendant. | CASE NO.: 3:22-cv-00386-MMA-DDL<br><br>Hon. Benjamin J. Cheeks<br>Schwartz Courthouse, Courtroom 3A<br><br>Magistrate Judge David D. Leshner<br><br>**PRETRIAL ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 16 AND LOCAL RULE 16** |
| **Axos Bank**, a federal savings bank<br><br>Counterclaimant,<br><br>v.<br><br>**Jennifer Brear Brinker**, an individual<br><br>Counterclaim Defendant. | Action Filed: March 21, 2022 |

King & Siegel LLP

Pursuant to Federal Rule of Civil Procedure 16 and Local Rule 16, **IT IS ORDERED:**

## I. NATURE OF THE CASE AND THE CLAIMS AND DEFENSES

Jennifer Brear Brinker ("Ms. Brinker") is the plaintiff in this case, and Axos Bank ("Axos") is the defendant. Ms. Brinker was hired by Axos in October 2018 as a Senior Independent Credit Review ("ICR") Officer. Axos is a publicly traded bank that must comply with federal banking regulations, including those requiring an independent credit review function to evaluate loan portfolios and report findings to senior management, the Board of Directors, and regulators.

Ms. Brinker contends that, while performing her ICR duties, she identified alleged violations at Axos and reported her concerns to Axos' management. She also contends she was paid less than a male colleague performing similar work. Ms. Brinker raised these concerns with senior leadership in late September 2020 and then made a formal complaint through Axos' hotline on October 2, 2020. She claims Axos retaliated against her for her whistleblowing by terminating her employment.

Axos asserts that Ms. Brinker could not have reasonably believed there was any wrongdoing or any violations at the Bank. Axos asserts it thoroughly investigated Ms. Brinker's complaints and found no merit to them.[1] Axos denies that it retaliated against Ms. Brinker, and instead asserts that Ms. Brinker's employment ended when Axos outsourced the entire ICR function to a third-party vendor, and it remains outsourced to this day. Axos also denies that Ms. Brinker's pay was based on her gender, and asserts that it paid one male colleague more based on his more extensive and relevant professional experience.

Axos is also a counter-complainant in this case, and Ms. Brinker is also a counter-defendant. Axos alleges that Ms. Brinker improperly took, disseminated, and retained

[1] Note that Plaintiff intends to file a Motion in Limine seeking to exclude evidence of this investigation.

Axos' confidential information and Axos' customers' nonpublic personal information in violation of company policy and regulations. Ms. Brinker denies wrongdoing and contends she had authorization to access the information and retained materials in connection with her whistleblowing activity. She also contends Axos' actions, including Axos' lawsuit against her, were retaliatory.

The Court needs to know whether you know any of the following:

Jennifer Brear Brinker;

Witnesses who are or were employed by Axos: Manuel Cardoso; Mary Ellen Ciafardini; Thomas Constantine; Traci Holley; Lisa Kiess; Anthony Maniscalco; Isabel Melendez; Andrew Micheletti; and John Tolla.

Anyone who is or has been employed by Axos Bank; and

Witnesses other than those who are or were employed by Axos Bank (including experts): Brad Abbott; Dr. Marc Cohen; Emil Czechowski; and Nicole Liska.

The Court also needs to know if you have or in the past have had any banking or other relationship with Axos Bank.

## II. CLAIMS TO BE TRIED

### A. PLAINTIFF'S CLAIMS

Ms. Brinker is pursuing the following claims against Axos:

**Claim 1:** Sarbanes Oxley Act (SOX) Retaliation (18 U.S.C. § 1514A) (TAC ¶¶ 105-123)

A. Elements

a. Ms. Brinker engaged in protected activity;

i. Protected activity requires a reasonable belief that the act complained of relates to one of the categories of fraud or securities violations covered by SOX; and

ii. Protected activity requires reporting allegations of wrongdoing to a qualified SOX recipient;

King & Siegel LLP

b. Axos knew that Ms. Brinker engaged in the protected activity;

c. Ms. Brinker suffered an adverse employment action; and

d. The protected activity was a contributing factor in the unfavorable employment action.

B. Damages

a. Economic and Noneconomic Damages

b. Front Pay

c. Back Pay With Interest

d. Litigation Costs

e. Attorneys' Fees

C. Defendant's Affirmative Defenses

a. Same Action/Same Decision Defense

b. Failure to Mitigate Damages

c. Unclean Hands[2]

**<u>Claim 2:</u>** Whistleblower Retaliation in Violation of California Labor Code § 1102.5 (TAC ¶¶ 124-130)

A. Elements

a. Ms. Brinker reported a perceived violation of the law to an appropriate party;

b. Ms. Brinker's belief as to a perceived violation of the law was subjectively and objectively reasonable;

c. Ms. Brinker suffered an adverse employment action; and

d. The protected activity was a contributing factor in the adverse employment action.

B. Damages

[2] Plaintiff contends that Axos waived this affirmative defense by failing to raise it at summary judgment.



King & Siegel LLP

King & Siegel LLP

a. Economic and Noneconomic Damages
b. Back Pay With Interest
c. Front Pay
d. Litigation Costs
e. Attorneys' Fees
f. Punitive Damages

C. Defendant's Affirmative Defenses

a. Same Action/Same Decision Defense
b. Failure to Mitigate Damages
c. Unclean Hands

**Claim 3:** Violation of California Equal Pay Act, California Labor Code § 1197.5 (TAC ¶¶ 131-140)

A. Elements

a. Ms. Brinker was paid less than the rate paid to an employee of the opposite sex working for Axos;
b. Ms. Brinker was performing substantially similar work as the other employee, considering the overall combination of skill, effort, and responsibility required; and
c. Ms. Brinker was working under similar working conditions as the other employee.

B. Damages

a. Economic damages
b. Interest
c. Penalties
d. Litigation Costs
e. Attorneys' Fees

C. Defendant's Affirmative Defenses

a. Different Pay Justified

b. Failure to Mitigate Damages

c. Unclean Hands

**Claim 4:** Wrongful Termination in Violation of Public Policy (TAC ¶¶ 141-147)

A. Elements

a. That Ms. Brinker was employed by Axos;

b. That Axos discharged Ms. Brinker;

c. That Ms. Brinker's complaints regarding unpaid wages and violations of state and federal law and/or state and federal regulations were a substantial motivating reason for Ms. Brinker's discharge;

d. That Ms. Brinker was harmed; and

e. That the discharge was a substantial factor in causing Ms. Brinker harm.

B. Damages

a. Economic and Noneconomic Damages

b. Front Pay

c. Back Pay with Interest

d. Litigation Costs

e. Attorneys' Fees

C. Defendant's Affirmative Defenses

a. Same Action/Same Decision Defense

b. Failure to Mitigate Damages

c. Unclean Hands

**Claim 5:** Unlawful Business Practices in Violation of California Business and Professional Code §§ 17200, et seq. (TAC ¶¶ 148-154)

A. Elements

a. That Axos has a business practice of paying a woman less than the rate paid to a person of the opposite sex;

King & Siegel LLP

b. That Axos' business practice is unlawful;

c. That Ms. Brinker suffered an injury; and

d. That there is a causal connection between Axos' business practice and Ms. Brinker's injury.

B. Damages

a. Restitution of money or property lost

C. Defendant's Affirmative Defenses

a. Different Pay Justified

b. Failure to Mitigate Damages

c. Unclean Hands

**B. DEFENDANT'S COUNTER-CLAIMS**

Axos is pursuing the following claims against Ms. Brinker:

**Claim 1:** Breach of Contract – Confidentiality Agreement (Counterclaim ¶¶ 20-26);

a. Elements

i. Existence of Contract;

ii. Axos' Performance or Lack of Performance Due to Excuse;

iii. Ms. Brinker's Breach of Contract by improperly taking and retaining Axos' confidential information.

iv. Damage to Axos as a Result of Ms. Brinker's Breach; and

v. That Ms. Brinker's breach of contract was a substantial factor in causing Axos' harm.

b. Damages: Compensatory Damages – limited to $3,251.93 in Mr. Tolla's investigation time from Summer 2024 until November 19, 2024

c. Ms. Brinker's Affirmative Defenses:

i. Unclean Hands

ii. Waiver

iii. Failure to Mitigate

King & Siegel LLP

iv. Damages Vague/Speculative

v. Lacks Injury-in-Fact

vi. Litigation Privilege

vii. Whistleblowing Activity

**Claim 2:** Conversion (Counterclaim ¶¶ 27-33)

a. Elements

i. That Axos owned, possessed, or had a right to possess its customers' nonpublic personal information;

ii. That Ms. Brinker substantially interfered with Axos' customers' nonpublic personal information by knowingly or intentionally refusing to return Axos' customers' nonpublic personal information after Axos demanded its return

iii. That Axos did not consent to her actions;

iv. That Axos was harmed; and

v. That Ms. Brinker's conduct was a substantial factor in causing Axos' harm.

b. Damages

i. Compensatory Damages

ii. Punitive Damages

c. Ms. Brinker's Affirmative Defenses:

i. Unclean Hands

ii. Waiver

iii. Punitive Damages Insufficient Facts

iv. Failure to Mitigate

v. Punitive Damages Unconstitutional

vi. Damages Vague/Speculative

vii. Lacks Injury-in-Fact



King & Siegel LLP

viii. Litigation Privilege

ix. Whistleblowing Activity

**Claim 3:** Breach of the Duty of Undivided Loyalty (Counterclaim ¶¶ 39-44)

a. Elements

i. Ms. Brinker was Axos' employee;

ii. Ms. Brinker breached her duty of loyalty to Axos;

iii. That Axos did not give informed consent to Ms. Brinker's conduct;

iv. That Axos was harmed; and

v. That Ms. Brinker's conduct was a substantial factor in causing Axos' harm.

b. Damages: Compensatory Damages

c. Ms. Brinker's Affirmative Defenses:

i. Unclean Hands

ii. Waiver

iii. Failure to Mitigate

iv. Damages Vague/Speculative

v. Lacks Injury-in-Fact

vi. Litigation Privilege

vii. Whistleblowing Activity

**Claim 4:** Negligence (Counterclaim ¶¶ 45-48)

a. Elements

i. Ms. Brinker owed Axos a duty of care;

ii. Ms. Brinker breached her duty of care with respect to the non-public personal information of Axos' customers;

iii. That Axos was harmed by the breach; and

iv. That Ms. Brinker's breach of her duty of care was a substantial factor in causing Axos' harm.



King & Siegel LLP

b. Damages: Compensatory Damages

c. Ms. Brinker's Affirmative Defenses:

i. Unclean Hands

ii. Waiver

iii. Failure to Mitigate

iv. Damages Vague/Speculative

v. Lacks Injury-in-Fact

vi. Litigation Privilege

vii. Whistleblowing Activity

**Claim 5:** Violation of California Penal Code section 496 (Counterclaim ¶¶ 49-54)

a. Elements

i. Ms. Brinker concealed or withheld from Axos property that had been obtained in a manner constituting theft;

ii. When Ms. Brinker concealed or withheld the property, she knew that the property had been stolen in a manner constituting theft;

iii. Axos suffered actual damages from the conduct; and

iv. That Ms. Brinker's conduct was a substantial factor in causing actual damages to Axos.

b. Damages

i. Compensatory Damages

ii. Litigation Costs and Attorneys' Fees

c. Ms. Brinker's Affirmative Defenses:

i. Unclean Hands

ii. Waiver

iii. Failure to Mitigate

iv. Damages Vague/Speculative

v. Lacks Injury-in-Fact

vi. Litigation Privilege

vii. Whistleblowing Activity

**Claim 6:** Violation of California Penal Code section 502 (Counterclaim ¶¶ 55-61)

a. Elements

i. Ms. Brinker knowingly accessed and without permission took, copied, or made use of Axos' data from a computer, computer system, computer network, computer program, or data;

ii. Axos suffered damage or loss from Ms. Brinker's conduct;

iii. That Ms. Brinker's conduct was a substantial factor in causing Axos' harm

b. Damages

i. Compensatory Damages

ii. Litigation Costs and Attorneys' Fees

iii. Injunctive Relief

iv. Punitive Damages

c. Ms. Brinker's Affirmative Defenses:

i. Unclean Hands

ii. Waiver

iii. Punitive Damages Insufficient Facts

iv. Failure to Mitigate

v. Punitive Damages Unconstitutional

vi. Damages Vague/Speculative

vii. Lacks Injury-in-Fact

viii. Litigation Privilege

ix. Whistleblowing Activity

## III. WITNESS INFORMATION

For witnesses Ms. Brinker expects to call at trial and witnesses Ms. Brinker



King & Siegel LLP

reserves the right to call at trial, please see Attachment A.

For witnesses Axos expects to call at trial and witnesses Axos reserves the right to call at trial, please see Attachment B.

## IV. EXHIBITS

For exhibits Ms. Brinker expects to use at trial and exhibits Ms. Brinker reserves the right to offer if necessary at trial, please see Attachment C.[3]

For exhibits Axos expects to use at trial and exhibits Axos reserves the right to offer if necessary at trial, please see Attachment D.

## V. STIPULATED FACTS

Please see Attachment E.

## VI. DEPOSITION TRANSCRIPTS

For Ms. Brinker's Deposition Designations, please see Attachment F.

For Axos' Deposition Designations, please see Attachment G.[4][5]

## VII. JURY INSTRUCTIONS

For the parties' agreed-upon jury instructions, please see Attachment H.

For the disputed jury instructions, please see Attachment I.

## VIII. VERDICT FORM

For Ms. Brinker's Proposed Verdict Form, please see Attachment J.

For Axos' Proposed Verdict Form, please see Attachment K.

## IX. MISCELLANEOUS

This case will be tried by jury except as to Ms. Brinker's Unfair Business Practices (Cal. Bus. & Prof. Code §§17200, *et. seq.*) claim. It is Axos' contention that any Unclean Hands defenses are not tried to a jury without Ms. Brinker requesting an advisory jury and Ms. Brinker asserts it should be tried to a jury. It is Ms. Brinker's

---

[3] Axos objects to the new exhibits that Ms. Brinker included on this Exhibit List that were not previously listed on her Pretrial Disclosures Exhibit List.

[4] Plaintiff's Objections to Axos' Designations are attached as Attachment L.

[5] Axos' Objections to Ms. Brinker's Designations are attached as Attachment M.

King & Siegel LLP

position that Axos needs to seek bifurcation of the unclean hands defense if it wants that issue tried separately.

Time estimated for trial is 10-15 days.

Dated: November 19, 2026 SHEPPARD MULLIN RICHTER & HAMPTON LLP

By *⁄s⁄ HEATHER L. PLOCKY*
HEATHER L. PLOCKY
Attorneys for Defendant
and Counterclaimant AXOS BANK

Dated: November 19, 2026 KING & SIEGEL LLP

By */s/ ROBERT JOHNSTON KING*
ROBERT JOHNSTON KING
Attorneys for Plaintiff and Counterclaim Defendant Jennifer Brear Brinker

**SIGNATURE ATTESTATION**

Pursuant to Section 2.f.4 of the Court's CM/ECF Administrative Policies, I hereby certify that authorization for the filing of this document has been obtained from each of the signatories shown above and that all signatories have authorized placement of their electronic signature on this document.

By: */s/ HEATHER L. PLOCKY*
HEATHER L. PLOCKY



King & Siegel LLP

**IT IS SO ORDERED**

Dated:

Hon. Benjamin J. Cheeks
United States District Judge

King & Siegel LLP